JAMES J. CONNORS *vs.* ANNIE M. BOLAND, administratrix.

JAMES F. DALY, administrator, *vs.* SAME.

Worcester.   March 9, 1933. — March 31, 1933.

Present: CROSBY, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

A finding of gross negligence on the part of the operator of an automobile was warranted where he drove it at night at fifty miles an hour on a street with a steep down grade as he approached a curve to the left; and, upon being warned by other occupants of the automobile to slow down, said to them, "What . . . is the matter with you fellows? Are you scared?  I am going to give you the fastest ride of your life," and increased the speed of the automobile to sixty miles an hour; whereupon it began to sway and then struck a fence, breaking down about sixty feet of it, jumped across a ravine and embedded itself in a banking.

TWO ACTIONS OF TORT against the administratrix of the estate of Vincent J. Boland.  Writs dated June 30, 1931.

The second action was by the administrator of the estate of Maurice P. Daly.  The pleadings are described in the opinion.

In the Superior Court, the actions were referred to an auditor for hearing together and subsequently were heard by *Hall*, C.J., without a jury. Material facts are stated in the opinion. The Chief Justice found for the plaintiff in the first action in the sum of $6,000, and for the plaintiff in the second action in the sums of $1,000 on the count for conscious suffering and $7,054.67 on the count for death. The actions were reported for determination by this court.

*J. C. McDonald*, for the defendant.

*M. F. O'Connell*, (*W. L. Blake* with him,) for the plaintiff Connors.

*J. H. Walsh, Jr.*, for the plaintiff Daly.

CROSBY, J. The first action is to recover for personal injuries received by the plaintiff while riding as a guest in an automobile owned and operated by Vincent J. Boland, the defendant's intestate. The declaration is in two counts; the first alleges gross negligence, and the second wilful, wanton and reckless misconduct.

The second action is brought to recover for the conscious suffering and death of the plaintiff's intestate. The amended declaration contains four counts: count 1 for the conscious suffering of Daly while riding in an automobile of the defendant's intestate and caused by his gross negligence, and count 2 for the death of Daly as the result of the same accident and alleged to have been caused by negligence of the defendant's intestate. The third and fourth counts allege wilful, wanton misconduct.

The cases were referred to an auditor to find the facts and report his findings to the Superior Court with such questions of law as the parties might request. He found as follows: On the evening of December 10, 1930, at about 8:30 o'clock, the defendant's intestate, Boland, invited Connors and Daly to ride in his automobile. Boland operated the automobile with Daly sitting beside him, and Connors in the rear seat. When they started from Water Street, in Fitchburg, the automobile was operated at a speed of about thirty miles an hour for about a third of a mile; then they turned into South Street, and Boland increased the speed to about fifty miles an hour; they were then about a third

of a mile from the place of the accident. South Street extends in a northerly and southerly direction, and Ellis Street connects with it from the west, and there is a heavy down grade on South Street, and a curve to the left from Ellis Street going southerly toward the place of the accident. Shortly before the automobile reached Ellis Street, Daly, who was familiar with the down grade and curve, said to Boland, "For God's sake, slow down." Connors made a similar request in substantially the same language. "Boland turned his head toward Daly and said, 'What . . . is the matter with you fellows? Are you scared? I am going to give you the fastest ride of your life.' He increased the speed until the car was going sixty miles an hour. It commenced to sway. Connors could see directly ahead on the right a fence which was revealed by the light from the headlights on the automobile. He grabbed the back of the front seat and crouched down behind it. The car grazed the fence for a brief distance, broke down about sixty feet of it, and then jumped across the southerly end of a deep ravine and embedded itself in the bank of the ravine. Connors remembered no more until after he was taken to the hospital." The automobile came to a stop on its right side with its front end pointing southerly as it had been travelling. The right front wheel was embedded about half way in the bank, a portion of the right fender and a corner of the radiator were also embedded in the bank. The rear end of the automobile was in the air and was supported by a sapling on the bank. The automobile "took fire" at once and the occupants were removed by persons who came there. There was no other traffic on the road; Boland did not drive across the path of an approaching car and his attention was not diverted just before the accident; he was not asleep; and none of the occupants of the automobile was under the influence of liquor just before the accident. South Street had a smooth macadam surface about thirty-two feet wide and a gravel and sand shoulder on each side about four feet wide. The road was dry and the weather was clear at the time of the accident. The windows of the automobile and the windshield were

broken and the inside was badly burned. The report of the auditor recites that the defendant's intestate in operating the automobile was grossly negligent; that such gross negligence resulted in the injuries of Connors and the conscious suffering and death of Daly, and that no negligence on the part of either Daly or Connors "contributed to their injuries or death." He also states, "Having found gross negligence, I deem it unnecessary to pass on the plaintiffs' counts based on wilful, wanton and reckless misconduct." He found that Connors sustained serious injuries and that he was entitled to recover as damages the sum of $6,000; that Daly was seriously burned; that he was conscious until seven o'clock the next morning, except for brief periods of semiconsciousness, and died the next morning as the result of the burns. The damages for Daly's death assessed upon the degree of culpability of the defendant's intestate were determined by the auditor to be $6,500 with interest thereon from the date of the writ, and for conscious suffering the administrator was entitled to recover $1,000. No evidence was offered by the defendant.

In the second case, the motion of the defendant to recommit the report to the auditor on the grounds that the evidence did not warrant a finding of gross negligence of the defendant's intestate, and that the conclusion as to damages reached by the auditor was erroneous, was properly denied.

As the parties in each action waived their right to a jury trial, the cases were heard by the Chief Justice of the Superior Court on the pleadings, order of reference to the auditor, and his report. No other evidence was offered. In each case the defendant requested the Chief Justice to rule that on the pleadings and evidence a finding should be entered for the defendant, and that there was no evidence warranting a finding of gross negligence. In the second case the defendant also requested the Chief Justice to rule that "There being no evidence of gross negligence . . . the finding of culpability based upon gross negligence was erroneous." To the refusal of the Chief Justice to grant these requests the defendant excepted. The Chief Justice found for the plaintiff in each case. In the first he assessed

damages in the sum of $6,000, and in the second he assessed damages under the first count in the sum of $1,000, and under the second count for $7,054.67.

The only question of law argued by the defendant is based upon her requests in each case that the evidence did not warrant a finding of gross negligence on the part of her intestate. The facts found are not disputed by the defendant. It appears that Connors and Daly on the evening in question were invited by the intestate Boland to take a ride; that when they started Boland drove his automobile at a speed of about thirty miles an hour which was increased to fifty miles an hour when they were within a third of a mile from the place of the accident; that while going down a heavy grade on South Street, and where there was a curve to the left, Boland was warned by both Connors and Daly to slow down; that instead of complying with their request he increased the speed of his automobile to sixty miles an hour, and it began to sway; that the automobile struck a fence and "broke down about sixty feet of it, and then jumped across . . . a deep ravine and embedded itself in the bank of the ravine." These undisputed facts amply warranted a finding of gross negligence.

It is contended by the defendant that to drive a motor vehicle at any rate of speed is not alone evidence of gross negligence. To drive a motor vehicle upon the public ways of this Commonwealth at a speed which would endanger the life or safety of its occupants might be found to be gross negligence even in the absence of other unfavorable conditions. In the present case, however, apart from the operation of the automobile at a speed of sixty miles an hour, it appeared that there was a steep down grade and a curve ahead. It is manifest that in these circumstances this automobile was operated with a degree of negligence far greater than the absence of ordinary care. Gross negligence is substantially and appreciably greater than ordinary negligence. It is great negligence, it is the absence of slight diligence, and the want of slight care. It is a heedless and palpable violation of legal duty respecting the rights of others. *Altman* v. *Aronson,* 231 Mass. 588. There was

abundant evidence of gross negligence in the present case. The facts here found are strikingly like those shown in *Healy* v. *O'Riley*, 257 Mass. 413, where it was held that there was evidence of gross negligence. In *Leonard* v. *Conquest*, 274 Mass. 347, where there was evidence that the defendant drove his automobile out of line of traffic at a speed of about thirty miles an hour, and continued to drive head on toward an automobile going in the opposite direction, thereby forcing it off the road and against a pole, it was said at page 352: "The jury could find that the driver rode with death and that no reasonable person would expect to be saved from great bodily harm." The defendant's requests for rulings that the evidence did not warrant a finding of gross negligence were rightly denied. These cases are governed in principle by the decisions hereinbefore cited, and by *Bruce* v. *Johnson*, 277 Mass. 273, *Gionet* v. *Shepardson*, 277 Mass. 308, and *Schusterman* v. *Rosen*, 280 Mass. 582; and are distinguishable from *Burke* v. *Cook*, 246 Mass. 518, *Marcienowski* v. *Sanders*, 252 Mass. 65, *Cook* v. *Cole*, 273 Mass. 557, *McKenna* v. *Smith*, 275 Mass. 149, and all the other cases cited by the defendant. As there was no error in the conduct of the trial the entry must be

*Exceptions overruled.*