PHILIAS DESROCHES *vs.* ARCHIE HOLLAND.

Bristol.    March 8, 1934. — March 10, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding of gross negligence on the part of the operator of a motor vehicle was not warranted by evidence that, at a rate of speed of thirty-five to forty miles an hour, he was driving in an afternoon on a dry, level, and straight public street toward an intersection with a street which from his right entered, but did not cross, the street he was on; that the street he was on was bordered on his right by a hedge three feet high over which he could see motor vehicles approaching on the intersecting street; that on the nearer corner of the streets

was a house standing back thirteen feet from the street he was on and thirty-two feet from the other street; that the district was not thickly populated; that, as he approached the intersection, he saw a small truck just about to enter from the intersecting street to go in the same direction in which he was going; that he applied his brakes when he was twenty feet from the intersection; and that his motor vehicle continued with its brakes on for fifty-nine to sixty-five feet, and then, forty-five feet further on, ran into a tree on his left side of the street.

TORT. Writ in the Third District Court of Bristol dated September 29, 1932.

In the District Court, the action was heard by *Milliken,* J. Material evidence and findings by the judge are described in the opinion. He found for the plaintiff in the sum of $4,450 and reported the action to the Appellate Division for the Southern District, where the finding was reversed and judgment ordered for the defendant. The plaintiff appealed.

*E. L. Marchant,* for the plaintiff.

*W. S. Downey,* (*F. Vera* with him,) for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff while riding as a guest in a motor vehicle owned by the defendant and driven by his agent. The main question presented is whether there was evidence to support a finding of gross negligence on the part of the driver.

The accident occurred on a pleasant April afternoon in the city of New Bedford on Rockdale Avenue, dry, level, and straight for a considerable distance. The defendant's motor vehicle was proceeding southerly on its right side of Rockdale Avenue and approaching Lexington Street which entered Rockdale Avenue on its westerly side almost at a right angle but did not cross it. It was travelling at the rate of thirty-five to forty miles an hour. As he approached Lexington Street the driver of the defendant's motor vehicle saw a small truck driven by one Smith just as it was about to make a turn south into Rockdale Avenue from Lexington Street. The operator of the defendant's motor vehicle first applied his brakes at a point twenty feet north of the north curbing of Lexington Street. The brake marks ap-

peared on the roadway for a distance of fifty-nine to sixty-five feet.  The motor vehicle continued for a further distance of forty-five feet curving to the left or easterly side of Rockdale Avenue where it collided with a tree, completely wrecking the motor vehicle and severely injuring the plaintiff.  There was no collision between the two motor vehicles.  There was no other traffic on the avenue or street at the time.  At the northwest corner of the intersection of the two streets a house stands thirteen feet back from the curbing on Rockdale Avenue and thirty-two feet from that on Lexington Street.  A hedge about three feet in height borders the street line of both streets.  A person in a motor vehicle going south on Rockdale Avenue could see a motor vehicle on Lexington Street over the hedge.  On the southwest corner of the two streets there was an open field, and an open field is also on the easterly side of the avenue.  For a distance of a quarter of a mile north of Lexington Street there are eleven houses on the west side of the avenue and two on the east side.

Material findings of the trial judge are of the tenor following:  "I find that Tabarisky [the driver of the motor vehicle of the defendant] was operating the car at a fast rate of speed on Rockdale Avenue (thirty-five to forty miles per hour) and that as he approached the intersection of the Avenue and Lexington Street he was violating the provisions of G. L. c. 90, § 17, and by reason of this speed he was obliged to make a quick decision as to what he should do to avoid colliding with the Smith truck and that this speed and watching the Smith truck prevented him from straightening out the course of the car and seeing the tree on the east side of the Avenue with which he came in contact and wrecking the car;  this tree was one hundred nineteen feet distant from the point where the brakes were first applied.  I do not find that the plaintiff made any objection as to the manner in which the car was being operated, nor do I find that he was negligent.  I do not find that Tabarisky was guilty of wilful, wanton and reckless conduct in the operation of the motor vehicle.  I do find that the accident was caused solely by the excessive speed of the car and

the violation of the law as to the rate of speed at the intersection of the two streets and that while this is a close question I am constrained to find that Tabarisky was guilty of gross negligence."

The provisions of G. L. (Ter. Ed.) c. 90, § 17, so far as material, are as follows: "No person operating a motor vehicle on any way shall run it at a rate of speed greater than is reasonable and proper, having regard to traffic and the use of the way and the safety of the public. . . . Or in any place where the operator's view of the road traffic is obstructed either upon approaching an intersecting way, or in traversing a crossing or intersection of ways, or in going around a corner or a curve in a way, at a rate of speed exceeding fifteen miles per hour."

The plaintiff in order to recover was bound to show that the driver of the defendant was guilty of gross negligence in the operation of his motor vehicle. Gross negligence is different in degree from ordinary negligence, is more than a mere want of due care, and is distinguishable from wanton and wilful misconduct. So far as at present practicable these distinctions have been stated and a description and definition of gross negligence given. *Altman* v. *Aronson*, 231 Mass. 588, 591–593. The definition of gross negligence and the distinction between it and simple negligence have been applied in numerous cases. It would serve no useful purpose to review what has been said in the decisions touching gross negligence. It is enough to say that we are of opinion that the evidence in the case at bar in its aspect most favorable to the plaintiff did not afford basis for a finding of gross negligence on the part of the driver of the motor vehicle of the defendant. The present case falls within the class of cases of simple negligence illustrated by *Burke* v. *Cook*, 246 Mass. 518, *Marcienowski* v. *Sanders*, 252 Mass. 65, *Bank* v. *Satran*, 266 Mass. 253, *Cook* v. *Cole*, 273 Mass. 557, *McKenna* v. *Smith*, 275 Mass. 149, *Stetson* v. *Howard*, 284 Mass. 208, and *Richards* v. *Donohue*, *ante*, 19, and not within the class of cases of gross negligence illustrated by *McCarron* v. *Bolduc*, 270 Mass. 39, *Logan* v. *Reardon*, 274 Mass. 83, *Meeney* v. *Doyle*, 276

Mass. 218, *Smiddy* v. *O'Neil,* 277 Mass. 36, *Caldbeck* v. *Flint,* 281 Mass. 360, *Connors* v. *Boland,* 282 Mass. 518, *Dow* v. *Lipsitz,* 283 Mass. 132, and *Crowley* v. *Fisher,* 284 Mass. 205.

*Order of Appellate Division affirmed.*