MARY MacEACHERN *vs.* ADELLA B. STIELER.

ALICE M. CUSHING *vs.* SAME.

Suffolk.    January 18, 1935. — January 29, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding of gross negligence on the part of the operator of an automobile was warranted on all the evidence, including evidence that, after approaching another automobile travelling in the same direction at about the middle of the road, and saying to other occupants of his automobile that he would "make" the operator of the automobile ahead "move over" or that "this road hog" would be shown "where he gets off," he passed close to the other automobile at a fast rate of speed and turned directly to the right into its path, disregarding the repeated remonstrances of the other occupants of his automobile, whereupon there was a slight collision between the two automobiles and he lost control of his automobile, which went off the road.

TWO ACTIONS OF TORT.  Writs dated August 14, 1930, and December 12, 1930, respectively.

The actions were tried together in the Superior Court before *Greenhalge, J.* In each action, the judge ordered a verdict for the defendant upon a count of the declaration in which negligence of the defendant was alleged, and denied a motion by the defendant that a verdict be ordered in her favor upon a count in which gross negligence was alleged. There were verdicts for the plaintiffs in the sums, respectively, of $600 and $850. The defendant alleged an exception in each action.

*J. P. Sullivan,* for the defendant.

*J. J. O'Hare,* for the plaintiffs.

RUGG, C.J. The plaintiffs in these two actions seek to recover compensation for personal injuries received by them by reason of the gross negligence of the defendant while operating her automobile in which both were riding as her guests. Verdicts were returned for the plaintiffs. The only question is whether the evidence warranted a finding of gross negligence on the part of the defendant. There was testimony in its aspect most favorable to the plaintiffs to this effect: On a pleasant July afternoon, the defendant with three guests was driving for pleasure on a good macadamized road about twenty-two feet wide, with a gravel shoulder on each side, at the rate of about forty-five miles an hour; she approached an automobile in front of her travelling in the same direction and being driven at about the same speed nearly in the middle of the road. After following behind for some time, the defendant said: "Look at that fellow ahead hogging the road, I'll make him move over"; or, "We will show this road-hog where he gets off." She then put on "a burst of speed" and started to pass. Both the plaintiffs warned her in emphatic words not to drive so fast and not to pass the other automobile. The defendant did not heed these warnings, started to pass, and drove very close to the other automobile although there was plenty of room to pass. A male companion sitting beside the defendant cautioned her not to "cut in front of that car," but she swung directly to the right into the path of the other automobile, which swerved to the right to avoid hitting the automobile of the

defendant; there was a slight collision between the rear of the defendant's automobile and the front of the one she passed. The defendant then was "sawing the wheel right and left"; she increased her speed, lost control of her automobile, ran into some posts at the side of the road, went over the embankment, and the plaintiffs were injured. There was no other traffic on the road in the vicinity except these two automobiles.

The words and conduct of the defendant in the face of repeated remonstrances in all the circumstances warranted a finding that the plaintiffs were injured by her gross negligence. *Logan* v. *Reardon*, 274 Mass. 83. *Smiddy* v. *O'Neil*, 277 Mass. 36. *Caldbeck* v. *Flint*, 281 Mass. 360. *Connors* v. *Boland*, 282 Mass. 518. *Swistak* v. *Paradis*, 288 Mass. 377. The case is distinguishable from *Desroches* v. *Holland*, 285 Mass. 495, and cases there collected, where it was held that the facts did not support a finding of gross negligence. *Byrne* v. *Daley*, 288 Mass. 51. *Lefebvre* v. *Howell*, 288 Mass. 253.

*Exceptions overruled.*