## LILLIAN CINI *vs.* JOSEPH ROMEO.

Hampden.    April 4, 1935. — April 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding of gross negligence on the part of the operator of an automobile toward one riding therein as a guest was warranted on evidence that, to the knowledge of the operator but not that of the guest, the steering gear of the automobile was so defective that it was uncontrollable when driven at a speed in excess of twenty miles per hour; that the operator was not licensed to operate motor vehicles, although he represented to the guest that he was duly authorized to operate them; that the operator drove the automobile at a speed of thirty miles per hour in a thickly congested and busy street, despite the fact that at one time the automobile nearly tipped over and in disregard of protests by the guest as to such speed; and that, without reducing speed, the operator attempted to turn into a narrow intersecting street, but was unable to make the turn, with the result that the automobile struck a tree on the farther side of the intersecting street and the guest was injured.

TORT.    Writ dated September 15, 1931.

The action was tried in the Superior Court before *Macleod*, J.    Material evidence is stated in the opinion.    The judge denied a motion by the defendant that a verdict be ordered in his favor.    There was a verdict for the plaintiff in the sum of $3,000, of which she remitted $1,500.    The defendant alleged an exception.

*I. R. Shaw,* for the defendant.

*R. W. King,* for the plaintiff, submitted a brief.

PIERCE, J.    This is an action of tort to recover damages for personal injuries sustained by the plaintiff while riding as a guest in an automobile owned and operated by the defendant.    The case was tried to a jury in February, 1934.    At the close of the testimony the defendant seasonably moved for a directed verdict.    The motion was denied and the defendant duly excepted.  · The jury returned a verdict for the plaintiff.

The evidence material to the exception to the denial of

the defendant's motion warranted the finding of the following facts. On August 21, 1931, the defendant owned a 1928 roadster which he had purchased about six months previously. The automobile had a worn bushing on the left forward part of the steering gear which made it difficult to steer. Because of the defective bushing there was a strong tendency on the part of the automobile to swerve to the left, and it was uncontrollable when driven at a speed over twenty miles an hour. Shortly after the accident, later described, one Smith, an automobile mechanic, examined the automobile and found the defective bushing to be broken. The same automobile mechanic, as an expert, testified that such a defective bushing would cause trouble with the steering apparatus, would tend to make the automobile swerve to the left and cause such an accident as is set forth in the evidence. He testified that a few days before the accident he drove the automobile to Hartford, a distance of about twenty-five miles, and found the defective bushing and a tendency to swerve to the left, and furthermore, that the automobile "shimmied" so much in front that he had to proceed at a rate of speed not over twenty miles an hour in order to have the automobile under control. It was in evidence that several days before the accident Smith had informed the defendant about the condition of the automobile and warned him and cautioned him against driving it because of the danger. Neither the plaintiff nor her husband knew of the defective bushing; nor had the defendant at any time divulged the information which he had about the defective steering gear to the plaintiff or to her husband. The defendant never had a license to operate motor vehicles but represented to the plaintiff that he was duly authorized to do so. On the day of the accident, August 21, 1931, the defendant drove his automobile from Springfield to the house of the plaintiff on Hill Street, West Springfield, a distance of about four miles. After supper he volunteered to drive the plaintiff and her husband to look at a tenement house on Fairview Street, a distance of about a quarter of a mile from the plaintiff's house. Without incident shown by the record,

the defendant subsequently drove the plaintiff and her husband to the tenement house and after their inspection of it, he started to drive them back to their home. The defendant sat at the wheel, next on his right was seated the plaintiff's husband and at his right was seated the plaintiff. As they proceeded along Main Street, which was a thickly congested and busy thoroughfare, and were approaching Hill Street, the defendant operated the automobile at a speed of thirty miles an hour and at one time almost tipped over. The plaintiff remonstrated and asked the defendant not to go so fast and said, "I will get off and walk home." The defendant replied he would go slower, but he went faster, and the plaintiff's husband shouted, "Go slow." Without decreasing the speed of the automobile the defendant turned right into Hill Street, a very narrow street, was unable to make the turn and crashed head on into a tree on the farther side of Hill Street, and the plaintiff and her husband were injured.

It is settled in this Commonwealth that the legal relation between the owner of an automobile and his invited guest is such that the owner is liable only for his acts of gross negligence as that phrase is defined in *Altman* v. *Aronson*, 231 Mass. 588, 591, 592. See also *West* v. *Poor*, 196 Mass. 183; *Massaletti* v. *Fitzroy*, 228 Mass. 487. On the defendant's exception the only question for the determination of this court is, Was the presiding judge legally right in submitting the evidence, shown in the record, to the jury upon the issue of gross negligence?

The record discloses the following undisputed facts: (a) The defendant did not have and never had a license to operate motor vehicles; (b) the defendant represented to the plaintiff that he was duly authorized to operate motor vehicles; (c) the automobile in use was in a defective condition which made it uncontrollable when driven at a speed of over twenty miles an hour; (d) the defendant knew of the defective condition of the automobile and of the danger attending the driving of it for several days before the accident; (e) the record does not show that the defendant did anything to remedy the defective condition of the auto-

mobile; (f) the plaintiff did not know of the defective condition, it was not an obvious defect, and the defendant did not inform or warn the plaintiff that the automobile was not controllable when driven in excess of twenty miles an hour; and (g) knowing the danger of injury to the plaintiff which attended the driving of the automobile, the defendant, in violation of G. L. (Ter. Ed.) c. 90, § 17, and against the protest of the plaintiff, drove the automobile at thirty miles an hour, and at more than thirty miles an hour, and while so driving suddenly turned right into Hill Street and crashed into a tree.

Although no single incident of the driving was an act of gross negligence, the combination of acts in the circumstances was sufficient to warrant the jury in finding as a conclusion of fact from all the evidence that the defendant was heedless, that he utterly disregarded the rights of the plaintiff and so was grossly negligent. *Learned* v. *Hawthorne*, 269 Mass. 554, 561. *Logan* v. *Reardon*, 274 Mass. 83. *Gionet* v. *Shepardson*, 277 Mass. 308. *Green* v. *Hoffarth*, 277 Mass. 508. *MacEachern* v. *Stieler*, 289 Mass. 346.

*Exceptions overruled.*