WALTER CHANNON *vs.* EDWARD J. LYNCH.

Berkshire.     September 17, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Motor vehicle, Gross, In use of way, Contributory, Assumption of risk.

Driving an automobile at forty to sixty miles an hour down a narrow, crooked, mountain road, after warning to slow down, was evidence of the driver's gross negligence.

The mere facts that at a stop in an automobile ride a guest heard the driver of the automobile offer to bet that it could go sixty miles an hour and that the guest knew that they were about to go over a narrow, crooked, mountain road, would not as matter of law show the guest's assumption of the risk of the driver's gross negligence in driving at high speed over that road, nor contributory negligence of the guest.

TORT.    Writ dated August 30, 1932.

The action was tried in the Superior Court before *T. J. Hammond*, J. There was a verdict for the plaintiff in the sum of $7,500. The defendant alleged exceptions.

*M. B. Warner*, for the defendant.

*W. J. Donovan*, (*J. O'Brien* with him,) for the plaintiff.

RUGG, C.J.   The plaintiff seeks to recover compensation for personal injuries received by him while riding as a guest in an automobile owned and operated by the defendant. The chief question is whether there was evidence to support a finding that the cause of the injuries to the plaintiff was the gross negligence of the defendant.   There was evidence tending to show these facts: The defendant with the plaintiff and another guest went for a ride in the early afternoon of a clear September day in 1931.   They stopped at a house in West Stockbridge, where the guests drank beer; the defendant drank none, although about ten o'clock in the forenoon he had had beer.   At this house the defendant wanted to bet $10 that his automobile could go sixty or more miles an hour.   As they started on again, the three were on the front seat.   The defendant was driving his automobile from West Stockbridge over a mountain to Stockbridge.   All three were friends and familiar with the road.   There was no other traffic.   As they went up the mountain the plaintiff asked the defendant to slow down, but the latter, who was driving at a rate of speed exceeding forty miles an hour, replied that he would give him the ride of his life.   The other guest also asked the defendant to drive more slowly.   He gave no heed to these requests but continued without slackening his speed.   The road, approximately seventeen feet wide, was dry, with a bituminous surface.   On the right side as they were travelling, there was a gravel border two feet wide, then grass, and then a ditch.   The defendant knew that the gravel was soft.   The accident happened a short distance after they had passed the top of the mountain, where there were curves in the road, where in places one could see only a few yards ahead and where, at one point, there was a grade of seven per cent.   The speed of the automobile was from forty to sixty miles an hour, or more, as it came to an intersecting road.   The automobile, after travelling off the road a distance variously estimated at one hundred thirty-four

to one hundred ninety-two feet, collided with a telephone pole located within the highway and distant five feet from the right edge of the bituminous surface. The pole was broken off three and one half feet above the ground. The two guests were thrown out but the automobile continued on forty-two feet, where it struck twin maple trees, swung around them and some distance beyond came to a stop facing in the direction from which it had come. The rear end of the automobile was pulled entirely away from the front. It was demolished beyond repair and parts of it were strewn along the highway a distance of eighty to eighty-five feet. There was no evidence of any mechanical defect in the automobile to explain the accident; the defendant gave no reason why his automobile left the highway. There were no indications of a flat tire. The defendant testified that "for some reason the right wheels of the car went on the earth shoulder of the road and he tried to get it back on the hard pavement again but he was unable to do so . . . that the brakes were in good condition . . . that he did not apply the brakes fearing that the car would skid in the grass and gravel and tip over . . . that his car mechanically was perfect . . . he could give no reason why on that day, broad daylight, on a road surface that was dry, he ran off the highway."

We are of opinion that all these facts with the inferences and implications of which they are susceptible warranted a finding of gross negligence. *Bruce* v. *Johnson*, 277 Mass. 273. *Connors* v. *Boland*, 282 Mass. 518, 522. *Dow* v. *Lipsitz*, 283 Mass. 132. *MacEachern* v. *Stieler*, 289 Mass. 346. *Cini* v. *Romeo*, 290 Mass. 532, 535. Although somewhat close to the line, the case at bar does not fall within the class where gross negligence was not shown, illustrated by *Cook* v. *Cole*, 273 Mass. 557, *McKenna* v. *Smith*, 275 Mass. 149, *Richards* v. *Donohue*, 285 Mass. 19, and *Lefebvre* v. *Howell*, 288 Mass. 253.

Plainly, it could not rightly have been ruled as matter of law that the defendant sustained the burden of proving contributory negligence on the part of the plaintiff, or conduct precluding him from maintaining his action. *O'Con-*

*nell* v. *McKeown,* 270 Mass. 432.   The case at bar is quite distinguishable from *Laffey* v. *Mullen,* 275 Mass. 277, 279, and *Curley* v. *Mahan,* 288 Mass. 369.

*Exceptions overruled.*