RAYMOND M. LEFEAVE *vs.* JOSEPH ASCHER.

EDITH A. CIGNONI *vs.* SAME.

Hampden.    September 19, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence,* Gross, Motor vehicle, In use of way, Contributory, Assumption of risk.

The evidence warranted a finding of gross negligence on the part of one operating an automobile up a steep hill on an icy and very slippery road, in attempting, despite warning from another occupant of the automobile, to pass a large truck going in the same direction on a sharp curve where he could see only a short distance ahead, by driving on his left side of the road; and the questions of contributory negligence on the part of the other occupant of the automobile and whether he accepted the risk of injury were for the jury.

TWO ACTIONS OF TORT. Writs dated January 14, 1932.

The actions were tried in the Superior Court before *Keating,* J. There were verdicts for the plaintiffs in the sums, respectively, of $250 and $2,500. The actions were reported for determination by this court.

*J. M. Carroll,* for the defendant.

*J. E. Kerigan,* for the plaintiffs.

RUGG, C.J. The plaintiff in each of these two actions of tort seeks to recover compensation for personal injuries sustained on January 4, 1932, while riding as an invited

guest in the automobile of the defendant. At the close of
the evidence the trial judge denied in each case a motion
for a directed verdict in favor of the defendant. A verdict
was returned in favor of each plaintiff. By agreement of
the parties the cases are reported for our determination.

The declaration in each case alleged that the defendant
while operating his automobile with gross negligence caused
it to collide with another automobile whereby great damage
to the plaintiff ensued. There was evidence tending to show
that the plaintiffs and the defendant left West Springfield
at about eight o'clock of a stormy morning and proceeded
easterly on the Boston Post Road about twenty-five miles.
The highway was "very icy, very slippery and very treach-
erous." It had been sleeting and snowing during the early
morning. The defendant was driving his automobile up
Brimfield Hill and as he neared its top a huge motor truck
was proceeding ahead in an easterly direction. At this
point, there was "a very deep left curve veering toward"
the north and the grade of the highway was ten per cent.
The road at this place was very slippery and icy. When
about seventy-five feet from the curve the defendant
"pulled out to pass the truck" which he had been follow-
ing. One of the plaintiffs addressing the defendant cau-
tioned him in these words, "Joe, don't do that." The
occupants of the defendant's automobile could then see
no more than one hundred feet of the highway into the
curve. The speed of the defendant's automobile was
between twenty and twenty-five miles an hour. The
defendant continued to attempt to pass the truck, and
when the rear wheels of his automobile were about even
with the wheels of the truck, an automobile coming from
the opposite direction came into view on the highway
around the curve between fifty and seventy-five feet away;
it was travelling on its right or northerly side of the road
at all times, at a speed estimated at between thirty and
thirty-five miles an hour. The defendant's automobile
at this time was travelling to its left or north of the center
of the highway and the right side of the defendant's auto-
mobile struck the left side of the truck; his automobile

then veered to the north of the center of the road and came into collision with the automobile approaching from the east which was so far on its right or northerly side of the road that it struck a fence on that side of the road. The two automobiles were badly damaged.

It is provided by G. L. (Ter. Ed.) c. 89, § 4, that "Whenever on any way, public or private, there is not an unobstructed view of the road for at least one hundred yards, the driver of every vehicle shall keep his vehicle on the right of the middle of the traveled part of the way, whenever it is safe and practicable so to do."

The doctrine of gross negligence of the driver of a motor vehicle as the basis of liability for injury caused to his invited guest has been stated frequently and need not be repeated. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *Altman* v. *Aronson*, 231 Mass. 588. *Flynn* v. *Lewis*, 231 Mass. 550. *Manning* v. *Simpson*, 261 Mass. 494. Whether there has been such gross negligence must depend chiefly upon the particular circumstances of each case. The combination of facts in the case at bar was the steep grade, the sharp curve, the extremely icy and slippery condition of the surface of a main highway of travel, the impossibility of seeing ahead more than one hundred feet, the insistence of the defendant in spite of appropriate warning upon attempting to pass the large truck, involving the necessity of violation of the law of the road, G. L. (Ter. Ed.) c. 89, § 4, by driving very much to his left of the center of the road when he had an unobstructed view of the road of only one hundred feet, and the difficulty of passing the truck quickly. See also G. L. (Ter. Ed.) c. 89, § 1. No one of these factors alone would show gross negligence. All of them grouped together warranted the findings of the jury. This combination of circumstances brings the cases at bar within the group illustrated by *Bruce* v. *Johnson*, 277 Mass. 273, *Connors* v. *Boland*, 282 Mass. 518, 522, *Manning* v. *Simpson*, 261 Mass. 494, *Meeney* v. *Doyle*, 276 Mass. 218, *Dow* v. *Lipsitz*, 283 Mass. 132, and distinguishes them from those like *Cook* v. *Cole*, 273 Mass. 557, *McKenna* v. *Smith*, 275 Mass. 149, *Richards* v. *Donohue*, 285 Mass. 19, and *Lefebvre* v. *Howell*, 288 Mass. 253.

The question whether there was contributory negligence on the part of the plaintiffs or a full acceptance by them of all appreciated risks was one of fact on all the evidence. *O'Connell* v. *McKeown,* 270 Mass. 432.  *Caldbeck* v. *Flint,* 281 Mass. 360.  On this point the cases at bar are distinguishable from cases like *Laffey* v. *Mullen,* 275 Mass. 277, and *Curley* v. *Mahan,* 288 Mass. 369.

The plaintiffs' declarations are not framed on G. L. (Ter. Ed.) c. 89, § 5.  It is not necessary to consider their argument upon that point.

In each case the entry may be

*Judgment on the verdict.*