BENEDICT SZEMKUS *vs.* ANTHONY PETRILA.

Worcester.    September 28, 1937. — March 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

Evidence that the operator of an automobile, driving on a public way at a speed of sixty-five to seventy miles an hour in disregard of a protest by a guest, after getting into sand at the side of the way in passing

one automobile, ran off the road in attempting to pass another automobile with which he was racing and lost control, warranted a finding that he was grossly negligent.

TORT. Writ in the First District Court of Northern Worcester dated August 27, 1935.

Upon removal to the Superior Court, the action was tried before *Fosdick,* J. There was a verdict for the plaintiff in the sum of $4,625. The defendant alleged an exception.

*C. C. Milton,* for the defendant.

*J. E. Casey,* (*C. E. Rowe* with him,) for the plaintiff.

FIELD, J. The plaintiff, riding as a guest in an automobile owned and operated by the defendant, sustained personal injuries as the result of the automobile's hitting a tree at the side of the highway. The plaintiff seeks to recover damages on the ground of the gross negligence of the defendant in operating the automobile. The defendant's motion for a directed verdict was denied, subject to the defendant's exception, and there was a verdict for the plaintiff.

The only question now in controversy is whether the evidence warranted a finding of gross negligence on the part of the defendant. Such a finding was warranted.

On evidence, in some particulars contradictory, these facts could have been found: The accident occurred shortly after midnight of March 16, 1935. The night was clear, the road was dry and the defendant's lights and brakes were "all right." There was no traffic in the other direction. Near the place of the accident the road was twenty or twenty-two feet wide. At its left there was a soft shoulder about one and one half to two feet wide and beyond it a "gutter" about three or four inches deep. The defendant had passed one automobile and then another. He passed the second automobile, when he was travelling at a speed of about sixty to sixty-five miles an hour, at the beginning of a curve where "it was not quite level." Two of the wheels of the defendant's automobile "got in the soft sand at the side of the road, but nothing happened to the car." About two hundred or three hundred feet ahead was still another automobile, which was operated by the defendant's

brother. The defendant wanted to get ahead of his brother "because he was driving a Chevvy." The defendant had then gone beyond the curve. His brother's automobile was travelling at a speed of sixty — or, according to other testimony, forty-five to fifty — miles an hour. The defendant turned to the left when travelling at a speed of about sixty-five to seventy miles an hour, got off the road when about fifteen feet back of his brother's automobile, hit a stump and then a stone wall and, finally, after travelling off the road for about one hundred ninety feet, struck a tree with the front part — the radiator — of his automobile. The plaintiff was thrown out of the automobile. Just before the accident the plaintiff said to the defendant, "Stop, Tony, going so fast, because we can get hurt." The defendant answered him, "Don't be afraid. I am not driving this car for the first time, and I know what I do." There was testimony that the automobile operated by the defendant's brother was on the right of the highway with room for the defendant to pass, and also testimony that the brother turned his automobile to the left when the defendant started to pass him. There was considerable variation in the testimony with respect to the speeds of the automobiles.

Whether the defendant in operating the automobile was grossly negligent depends upon all the circumstances attending such operation considered in combination. *Lefeave* v. *Ascher*, 292 Mass. 336, 338. The evidence warranted an inference that the defendant was attempting to show that his automobile was faster than his brother's, that he was, in effect, racing with his brother. This use by the defendant of the highway, his speed, his previous experience when passing another automobile, his disregard of the plaintiff's protest and the result of the defendant's conduct, without justification in any unforeseeable condition of his automobile, the highway or traffic thereon, considered together and with the other circumstances of the accident, warranted a finding of such "indifference to present legal duty" on the part of the defendant, such "utter forgetfulness of legal obligations so far as other persons may be affected," as constitutes gross negligence. *Altman* v. *Aronson*, 231

Mass. 588, 591–592. The case, though differing from each of them in various aspects, falls within the class of cases of which the following are examples: *Gionet* v. *Shepardson*, 277 Mass. 308. *Connors* v. *Boland*, 282 Mass. 518. *Mac-Eachern* v. *Stieler*, 289 Mass. 346. *Channon* v. *Lynch*, 292 Mass. 316. *Dombrowski* v. *Gedman*, 299 Mass. 87. Compare *Kohutynski* v. *Kohutynski*, 296 Mass. 74, 78. It is distinguishable from the cases relied on by the defendant.

*Exceptions overruled.*