ANNA C. O'NEILL *vs.* CHARLES S. MCDONALD.

Middlesex.    May 3, 1938. — October 4, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Requests, rulings and instructions.  *Negligence,* Gross, Motor vehicle, In use of way.

A request, predicated on part only of alleged conduct of an automobile operator, for a ruling that he had not been guilty of gross negligence was properly refused.

The denial by a judge sitting without jury of a request by the defendant for a ruling that the plaintiff had "failed to prove" a certain material fact was the equivalent of a ruling that the evidence warranted a finding of that fact.

A finding of gross negligence of an automobile operator was warranted by evidence that, after two warnings by a guest that another vehicle was overtaking him on his left, he replied, "I see it," in a surly manner, increased speed at an intersection when the other vehicle was alongside and attempted to make a left turn in front of it at forty miles an hour, but collided with a pole in so doing.

TORT. Writ in the Second District Court of Eastern Middlesex dated August 31, 1936.

There was a finding for the plaintiff in the sum of $1,250 by *Murray*, J.

*J. J. Hennessey*, for the defendant.

*J. E. Keefe, Jr.*, (*T. C. O'Brien* with him,) for the plaintiff.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff while riding as a guest in an automobile, owned and operated by the defendant. The judge found for the plaintiff and reported the case. It comes before this court upon an appeal from the order of the Appellate Division dismissing the report.

At the conclusion of the evidence the defendant filed eight requests for rulings. He has confined his argument to the denial of the seventh and eighth requests, which read as follows: "7. The plaintiff has failed to prove that the defendant was grossly negligent. 8. The fact that the defendant exercised sufficient care and attention in the operation of his vehicle so that he avoided coming in contact with the other vehicle is sufficient evidence of diligence with reference to the rights of the public to exclude this case from the classification of gross negligence." The plaintiff has contended that neither of these requests is properly phrased to raise the question whether there was sufficient evidence to warrant the judge's finding that "the gross negligence of the defendant was the cause of the accident," and, in the alternative, that there was sufficient evidence "to warrant a finding of gross negligence" on the part of the defendant.

The eighth request was properly refused as it was predicated on a single circumstance. It is settled that all the circumstances must be considered as a whole in determining whether they constitute gross negligence. See *Szemkus* v. *Petrila*, 299 Mass. 551, 553; *Picarello* v. *Rodakis*, 299 Mass. 33; *Lefeave* v. *Ascher*, 292 Mass. 336, 338; *Cini* v. *Romeo*, 290 Mass. 532, 535. It is seldom that any one factor will be wholly decisive of the question. See *Quinlivan* v. *Taylor*, 298 Mass. 138, 140.

We are of opinion, however, that the denial of the defendant's seventh request was equivalent to a ruling that the evidence warranted a finding that the defendant was guilty of gross negligence. *Commonwealth* v. *Hull*, 296 Mass. 327, 329. As to this issue the evidence in its aspect most favorable to the plaintiff would warrant the judge in finding, as he did in substance, the following facts. About midnight on October 12, 1935, the defendant was operating his automobile in a northerly direction on Market Street, in the Brighton district of Boston, and was approaching the intersection of that street with Western Avenue, which runs east and west. Market Street intersects that avenue on its southerly side, crosses it and then becomes "Soldiers Field Road." The plaintiff had been in the company of the defendant since 5 P.M. of the day just indicated. It was a holiday and the defendant prior to the accident was "peeved and sullen" because he thought the plaintiff "was going home too early." As a result, they had no conversation from the time the automobile passed Forest Hills until they reached Market Street in Brighton. As they neared Western Avenue the plaintiff observed an automobile approaching from the rear to their left and going in the same direction as they were. The defendant was then operating his vehicle at a speed of thirty to thirty-five miles an hour. The plaintiff directed the defendant's attention to the other vehicle and "told him to watch the car on his left." The defendant paid no attention to the other vehicle, but increased his speed and "proceeded to make a left hand turn." The automobile on the defendant's left came abreast of his vehicle and the plaintiff brought this fact to the defendant's attention. The latter said "I see it," in a very surly manner, and made a left turn at a speed of about forty miles an hour. The other automobile also turned to the left, and the defendant swung his vehicle wide, but failed to make the turn, and his vehicle collided with an electric light pole. The plaintiff was injured in consequence. The judge found that the plaintiff was in the exercise of due care and that the defendant's gross negligence was the cause of the accident. We are of opinion that these find-

ings cannot be said as matter of law to have been unwarranted in the circumstances before recited. The defendant approached the intersection of the ways at an excessive rate of speed, in violation of law. See G. L. (Ter. Ed.) c. 90, § 17. Though warned twice by the plaintiff of the danger due to the vehicle approaching on his left before reaching the point of intersection, the defendant failed to heed the warnings, but continued at an increased rate of speed, and gave evidence of impatience of reasonable restraint and persisted in palpably negligent conduct over what the judge would have been warranted in finding was an unreasonable length of time, and voluntarily incurred an obvious risk. Such actions have been held to be "some of the more common *indicia* of gross negligence." *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172. See also *Colby* v. *Clough, ante,* 52, 55; *Smith* v. *Axtman,* 296 Mass. 512, 514.

We are of opinion that in all the circumstances of the case at bar it cannot be said as matter of law that the evidence was not sufficient to warrant the judge in finding that the defendant was guilty of gross negligence. It follows that the denial of the defendant's seventh request was not error. The entry will be

*Order dismissing report affirmed.*