DOMENICO CASTELLI *vs.* JOSEPH PADENI.

Worcester.   September 27, 1938. — December 28, 1938.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

A finding was not warranted that the operator of an automobile was grossly negligent in the manner in which and speed at which he turned from one intersecting road into another, drove onto the sidewalk on the left side of the second road and struck a pole.

TORT.   Writ in the District Court of Winchendon dated December 14, 1934.

There was a finding for the plaintiff in the sum of $400 by *Duncan*, J.

*W. T. Woodrow*, for the plaintiff.

*S. B. Milton*, (*R. C. Milton* with him,) for the defendant.

FIELD, C.J.   This action of tort to recover compensation for injuries sustained by the plaintiff while riding as a guest in an automobile operated by the defendant was brought in a district court.   The defendant requested rulings to the effect that the evidence did not warrant a finding that he was guilty of gross negligence, and that the finding must be for him.   The trial judge refused to rule as requested, found for the plaintiff and made certain specific findings of fact.   There was a report to the Appellate Division, which decided that there was prejudicial error in the refusal of the judge to rule as requested by the defendant and ordered the entry: "Prejudicial error found; finding for the plaintiff vacated; judgment to be entered for the defendant."   The plaintiff appealed.

The Appellate Division was right.   Proof of gross negligence of the defendant was essential to recovery by the plaintiff, but the evidence did not warrant a finding of gross negligence as it has been defined in the decided cases.   See *Altman* v. *Aronson*, 231 Mass. 588, 591; *Cook* v. *Cole*,

273 Mass. 557, 561; *Lynch* v. *Springfield Safe Deposit &
Trust Co.* 294 Mass. 170, 172.

The evidence most favorable to the plaintiff tended to
show these facts: The plaintiff, riding as a guest in an
automobile owned and operated by the defendant, was
injured when the automobile struck a telephone pole. The
accident occurred at night on August 10, 1934. The auto-
mobile was travelling from Templeton toward Baldwinsville.
The road from Templeton enters from the southerly side,
but does not cross, the road running easterly from Athol to
Baldwinsville. The automobile "came down" the former
road, "came right down through the intersection," crossed
the latter road, "went up on the sidewalk and turned to
the right" on the left side of that road. The defendant
"then swung his car back towards the road and the left
rear collided" with a telephone pole on the left of the road
which was "sixty to seventy-five feet easterly of the easterly
side" of the road from Templeton. The defendant's auto-
mobile "came to rest right beside the pole and moved only
three feet after the rear left side of it collided with the pole
. . . it stayed in the street headed back somewhat in the
direction from which it was coming." The speed of the
automobile "when the accident happened" was "thirty-five
to forty" miles an hour. While approaching the intersec-
tion and about eight hundred feet from it, the defendant,
operating his automobile on the left side of the road at a
speed of forty miles an hour, passed another automobile go-
ing in the same direction, and the plaintiff said, "Go easy."
There was no evidence of other traffic on either road, of the
grade, width, or condition of either road, of weather condi-
tions, or of any defect in the defendant's automobile. Nor
was there evidence that the defendant's attention was di-
verted from the operation of his automobile. According to
an answer of the defendant to an interrogatory introduced
in evidence by the plaintiff, binding upon him so far as
uncontradicted (*Cuscuna* v. *Rood*, 289 Mass. 213, 216),
"when the accident occurred . . . [the defendant] put on
his brakes . . . in order to prevent the accident he put on
his brakes . . . no signal or warnings were given."

No single fact or combination of facts which could have been found from the evidence directly or by warrantable inference showed conduct on the part of the defendant that could have been found to be grossly negligent. The fact that he overran the intersection, in the circumstances shown, did not go to this extent. Nor did anything in his previous or subsequent conduct. Though the evidence differs materially from that in other decided cases, it brings the case within the class of cases of which *McKenna* v. *Smith,* 275 Mass. 149, *Richards* v. *Donohue,* 285 Mass. 19, *Desroches* v. *Holland,* 285 Mass. 495, *Lefebvre* v. *Howell,* 288 Mass. 253, *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, are examples, and, indeed, falls short, in indications of the operator's culpability, of the evidence in some, at least, of these cases. Evidence of particular facts bearing upon culpability such as in other cases rendered findings of gross negligence permissible was lacking. See, for example, *Connors* v. *Boland,* 282 Mass. 518; *Crowley* v. *Fisher,* 284 Mass. 205; *MacEachern* v. *Stieler,* 289 Mass. 346; *Cini* v. *Romeo,* 290 Mass. 532; *Szemkus* v. *Petrila,* 299 Mass. 551. Compare *Hebert* v. *Hicks,* 299 Mass. 538, 542.

*Order of Appellate Division affirmed.*