BEATRICE PEACE *vs.* HUBERT D. GABOUREL.

ALBERTA PATRICE *vs.* SAME.

SUSAN DeBOISE *vs.* SAME.

AXIE HOBSON *vs.* SAME.

Suffolk.   January 9, 1939. — February 1, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding of gross negligence on the part of the operator of an automobile was not warranted by evidence that in a city street he got out of the automobile after it had stalled and "rocked" it to disengage locked parts with the ignition switch turned on and the automobile in gear, whereupon the engine started, the operator got on the running board and attempted to steer by reaching through the open window of the door, not being able to reach the ignition switch, and the automobile struck a post after going some distance at increasing speed.

FOUR ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated, respectively, January 7, 1937, September 29, 1936, September 29, 1936, and December 3, 1936.

Upon removal to the Superior Court, the actions were heard by *Collins,* J., without a jury.

*F. P. Hurley,* for the plaintiffs.

*John J. Sullivan,* (*P. C. Reardon* with him,) for the defendant.

Cox, J. The sole question presented in these cases, which come to this court by report of a judge of the Superior

Court, is "whether, viewing the evidence and the reasonable inferences therefrom in its aspect most favorable to the plaintiffs, the evidence would warrant a finding of gross negligence." The trial judge ruled as matter of law that the evidence was not sufficient to warrant a finding of gross negligence, and found for the defendant in each case. By the terms of the report, in the event that the "Supreme Judicial Court concludes that the evidence would warrant a finding of gross negligence, then judgments are to be entered for" the plaintiffs in specified amounts.

We do not think the evidence warrants a finding of gross negligence. The plaintiffs, who were attending a political rally at a street corner, entered the defendant's automobile, which was being used with about twenty-five others in the interest of the candidate in whose behalf the rally was held. These automobiles joined in a torchlight parade, the defendant's automobile being fourth in line. The defendant did not know any of the plaintiffs. Almost immediately after the parade started the defendant's automobile stalled, and after several efforts to start it, the defendant, who had alighted, proceeded to "rock" it with the assistance of a by-stander. In the course of this rocking the automobile, which was in second gear, started. The defendant jumped upon the running board and took hold of the steering wheel through the open window of the door which he had closed when he alighted. The automobile continued under its own power for about two city blocks, going faster and faster until it reached a speed of about thirty-five miles an hour. The defendant had difficulty in steering and crashed into a post. There was evidence from an experienced automobile mechanic that the reason why the automobile did not start was that the "bendix gear on the starting motor had locked with the fly-wheel ring gear on the motor," and that the only way to release this locking was by putting the automobile in gear and rocking it backward and forward; that the motor could not start unless the ignition switch was on; that, "assuming that no one stepped on the accelerator," the automobile could not have acquired any speed unless the throttle were open; that it was dangerous to leave the

ignition switch on while the automobile was being rocked; that to permit the ignition switch to be on and the throttle open while rocking the automobile was very dangerous; and that to rock the automobile had the same effect as cranking it. It could have been found that the defendant left the ignition switch on when he alighted from the automobile. There was no direct evidence that the throttle was open at any time after the automobile stalled. There was no evidence to show that the defendant knew or should have known that rocking the automobile had the effect of cranking it or that it would have any effect except to disengage the locked gears, or that it was dangerous to leave the ignition switch on while the automobile was being rocked.

In passing judgment upon the defendant's conduct we must have a reasonable regard for the attendant circumstances. *Meeney* v. *Doyle*, 276 Mass. 218. *O'Neill* v. *McDonald*, 301 Mass. 256. After the automobile stalled it was pushed to the curbing by direction of the "man in charge of the rally." At least it can be said that for the time being the desire of all parties of participating in the torchlight parade was frustrated. The fourth position in the right of line had been lost. There was evidence that there were a lot of automobiles there and that pedestrians were running back and forth on the street. It does not appear that the plaintiffs made any effort to enter any other automobile, or that any others were available for their use when the one they were in stalled. In order that the parties continue with the parade it appeared to be necessary to get the automobile started without delay.

We do not think the evidence warranted a finding of that high degree of culpability and indifference to duty that is the essential characteristic of gross negligence. *Altman* v. *Aronson*, 231 Mass. 588, 591. The evidence does not disclose deliberate inattention or the voluntary incurring of obvious risk or the impatience of reasonable restraint, which are some of the common attributes of gross negligence, and we do not think that it discloses persistence in a palpably negligent course of conduct over an appreciable

period of time. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, and cases cited.

The plaintiffs contend that the conduct of the defendant after the automobile started "constituted an additional breach of duty to them," in that he should have turned off the ignition switch. The defendant admitted that this would have been the best thing to have done but that he was not able to reach the key from where he stood on the running board. If we assume, without deciding, that, if he could have reached the switch and did not turn it off, this would have amounted to gross negligence, we do not think the evidence warranted a finding that he could have reached it.

Each case must be decided upon its own peculiar facts and no useful purpose is served by the citation of cases in some of which it has been said that the evidence warranted findings of gross negligence, and in others that such findings were not warranted. Compare, however, *Castelli* v. *Padeni*, 301 Mass. 603, and cases cited. We have examined the cases cited by the plaintiffs and think they are distinguishable from the cases at bar.

In accordance with the terms of the report, judgment for the defendant is to be entered in each case.

*So ordered.*