LORETTA KENNEDY *vs.* MICHAEL LENZINE.

NOVEMBER 7, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of trespass on the case for negligence to recover damages for personal injuries sustained in a collision between two automobiles in the town of Rehoboth in the Commonwealth of Massachusetts. In the superior court the defendant's motion that the plaintiff be nonsuited was granted and thereafter she duly prosecuted her bill of exceptions to this court. The only exception now pressed is to the granting of the above motion. Other exceptions not briefed or argued are deemed to be waived.

From the evidence it appears that early in the afternoon of July 1, 1941 the plaintiff was invited by the defendant, an acquaintance, to ride with him from Pawtucket, Rhode Island, to Fall River, Massachusetts. She accepted the invitation and was riding as a guest passenger in the front seat of his automobile which was registered in Rhode Island and was owned and operated by the defendant. The accident occurred in Rehoboth on Brook street, a narrow dirt road, at or near its junction with another dirt road known as Peckham street. As the defendant was driving his automobile along Brook street toward this point there was a long left curve which started on that street, passed through the junction of the two highways and continued for some distance along Peckham street. The evidence shows that he was not driving fast but by reason of the trees, foliage, underbrush, bushes and tall grass on his left along this entire curve his view of any vehicle coming toward him around the curve from the opposite direction and his view of vehicles approaching along Peckham street near its junction with Brook street was obscured. In other words, the fact that these two highways merged on the above-described long curve created in the existing circumstances a situation which completely prevented the defendant from obtaining any view of traffic approaching him on its own right side of the road. Nevertheless, according to the evidence, the defendant in operating his automobile around this long curve drove well over on his left side of the highway thus cutting toward the inside of said curve and making it further impossible to see ahead.

The automobile with which the defendant collided was driven by a man named Anello. His car was being operated along Peckham street into Brook street and, hugging its right side of the road, was proceeding around the long curve hereinbefore referred to in the direction opposite to that of the defendant. According to the evidence it appears that the automobiles met head on about midway

around the curve; that the left fronts came in contact; and that the occupants of one automobile had no prior view of the other until the cars were only about fifteen feet apart.

In granting the defendant's motion for a nonsuit the trial justice in substance held that in this case the question of liability was governed by the law of Massachusetts where the accident happened; that the plaintiff was a guest passenger of the defendant; that under the law of Massachusetts such a passenger must prove the defendant guilty of gross negligence in order to recover damages; and that in the instant case there was no evidence of gross negligence on the part of the defendant.

The plaintiff first argues that liability herein should be determined under the law of Rhode Island and not of Massachusetts, and therefore it is necessary for her to prove that the defendant was guilty only of ordinary negligence. As supporting her above position, she relies on the so-called reciprocity statutes of the two states relating to the registry of motor vehicle of nonresidents and to the licensing of their operators. General laws 1938, chapters 86, 103; Annotated Laws of Massachusetts, chap. 90. We see no merit in the plaintiff's argument on this point. Considering the nature of the case before us it is our opinion that the above-mentioned statutes have no bearing on the question of liability in this proceeding. This court has held that in an action of the case for negligence between two residents of this state relating to an automobile accident happening in Massachusetts the matter of liability was governed by the law of that state. *Powers* v. *Goodwin,* 58 R. I. 372. We find nothing in the instant case which prevents the application of the above rule.

With reference to the plaintiff's status in respect to the defendant, no evidence has been called to our attention which indicates that she was anything but an ordinary guest passenger as he contends. The plaintiff apparently does not dispute that contention and has not attempted

to sustain the burden of showing that at the time of the accident she was riding for the benefit of the defendant, the operator of the automobile. See *Powers* v. *Goodwin, supra.* Blakemore, Motor Vehicle Law, §109.

An examination of the pleadings shows that the defendant gave reasonable notice to the plaintiff that he was relying on the law of Massachusetts as a defense by giving her specific notice to that effect and by filing a plea setting out that the accident occurred in Massachusetts; that on the allegations of the declaration he could be held only for gross negligence; and that he was not guilty of such negligence. In view of the filing of such notice and plea, the court under the provisions of public laws 1940, chap. 939, was directed to take judicial notice of the common law and statutes of the state referred to, in this instance Massachusetts, and the determination of such law was to be made by the court and not by the jury. *Powers* v. *Goodwin, supra,* was decided prior to the enactment of the above chapter.

It is our opinion that the trial justice in performing his duty was correct in deciding that since the plaintiff was a guest passenger in the defendant's automobile she must show gross negligence on his part in order to recover against him under the law of Massachusetts. *Massaletti* v. *Fitzroy,* 228 Mass. 487. The question then arises what constitutes gross negligence under the Massachusetts law. That term has been defined as connoting something beyond ordinary negligence but less than willful, wanton, reckless or intentional conduct. In *Altman* v. *Aronson,* 231 Mass. 588, apparently a leading case on the subject, a definition of some length is given which includes the following pertinent language at page 591 of the opinion: "Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. * * * It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. * * * It amounts to indifference to present legal duty and to utter forgetfulness

of legal obligations so far as other persons may be affected. It is a needless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence." See also *Learned* v. *Hawthorne,* 269 Mass. 554; *Campbell* v. *Costin,* 293 Mass. 225.

The elements usually found in order to constitute gross negligence are set forth in many Massachusetts cases of which *Lynch* v. *Springfield Safe Deposit & Trust Co.,* 294 Mass. 170, is an example. There the court said at page 172: "There is no evidence of deliberate inattention, or of voluntary incurring of obvious risk, or of impatience of reasonable restraint, or of persistence in a palpably negligent course of conduct over an appreciable period of time. These are some of the more common *indicia* of gross negligence." In *Driscoll* v. *Pagano,* 313 Mass. 464, the court stated at page 468: "At best, it is often exceedingly difficult to draw the line of distinction that exists between gross and ordinary negligence." Also it has been held that each case of this kind must be determined upon its own particular facts after applying thereto the above general definition. *Lefeave* v. *Ascher,* 292 Mass. 336.

Ordinarily the question whether the defendant was guilty of gross negligence would be in the first instance for the jury to determine unless there was no evidence which directly or by reasonable inference tended to prove such negligence. In this case there was evidence tending to show that the defendant, over an appreciable period of time, was operating his automobile around a long left curve on his left or wrong side of the highway in violation of an established rule of the road at a place where, by reason of obstructing bushes, foliage and underbrush, he could not see traffic approaching from his left around the curve on which he was then driving nor that portion of the highway he was nearing. According to the evidence at no time did defendant make any attempt to drive over to the right side

of the highway where he properly belonged, thus permitting possible traffic proceeding in the opposite direction to pass him safely on its own right side of the street.

The trial justice in making his decision evidently relied on the case of *Richards* v. *Donohue,* 285 Mass. 19, which was cited by the defendant. While that case to a certain extent supports the trial justice the plaintiff on the other hand has cited several Massachusetts cases in which the appellate court either sustained a finding that gross negligence had been shown or that the question of such negligence should have been submitted to the jury in circumstances that appear to be applicable here. *Schusterman* v. *Rosen,* 280 Mass. 582; *Manning* v. *Simpson,* 261 Mass. 494.

In the circumstances a majority of the court are of the opinion that, without any explanation or reason appearing, the jury in the first instance could reasonably find that the defendant was voluntarily incurring on behalf of himself and his passenger the risk of obviously grave danger in violation of an established rule of the road; that there was some evidence, if considered most favorably to the plaintiff, from which the jury could determine that the defendant was guilty of gross negligence under proper instructions by the trial justice as to what constitutes gross negligence according to the Massachusetts law; and therefore that the trial justice was in error in deciding at the conclusion of the plaintiff's case that there was no evidence whatever tending to show gross negligence on the part of the defendant.

The plaintiff's exception to the granting of the defendant's motion for a nonsuit is sustained, her other exceptions are overruled, and the case is remitted to the superior court for a new trial.

*Knauer & Knauer, Philip S. Knauer, Clement E. Lennon,* for plaintiff.

*Francis V. Reynolds,* for defendant.