Wilson, J.
This is an action of tort in which the plaintiff seeks to recover for injuries sustained, while a passenger in a motor vehicle operated by the defendant, because of the gross negligence of the defendant. The court found for the plaintiff.
The evidence, taken in its aspect most favorable to the plaintiff, tended to show that the plaintiff was returning from work in a motor vehicle driven by the defendant; that the defendant’s automobile was traveling at a speed of forty to forty-five miles per hour westerly along Montwaite Avenue, in Framingham, and approaching Franklin Street, which runs north and south and intersects Montwaite Avenue at right angles; that one Aubey was operating an automobile in a southerly direction on Franklin Street, at about eight miles per hour, and entered the intersection before the vehicle driven by the defendant; that *102 when the defendant was about a ear length from the intersection, she saw the car operated by Aubey just entering the intersection. She was, up to then, looking to her left down Franklin Street. The plaintiff said, “My God, look out, ’ ’ and defendant looked to her right, saw the Aubey car swing to her left without looking in that direction but continued to look to her right, and not in the direction in which she was driving. The plaintiff screamed. The defendant turned to look to her left and crashed into a tree located at the southwesterly corner of the intersection. The speed of the defendant’s car increased just before hitting the tree, due to putting her foot on the “gas” instead of the brake pedal. There was also evidence that the defendant did not slow down her car as it entered the intersection. There was a small child riding in the Aubey car and the defendant “could not take her eyes off the child and did not look to the left, in which direction her automobile was going, until her automobile was about two feet from a tree.” There was no contact with the Aubey car.
The defendant seasonably presented seven requests for rulings. The court gave all except the third, which is:
“3. The evidence does not warrant a finding that the defendant at the time of the accident was grossly negligent in the operation of her automobile.”
The sole question before us is whether the evidence warranted a finding of the gross negligence of the defendant. In other words, whether there was evidence of gross negligence sufficient to warrant the trial judge in submitting that issue to himself in his fact finding capacity.
In Lefeave v. Ascher, Mass. Adv. Sh. (1935) 2361, it was said:
“Whether there has been such gross negligence must depend chiefly upon the particular circumstances of each case.”
*103 And in Picarello v. Rodakis, Mass. Adv. Sh. (1937) 1705, it was said:
“ ‘Although the distinction between gross negligence and ordinary negligence can be stated in general terms, it is often exceedingly difficult to draw the line in actual practice. ’ Quinlivan v. Taylor, Mass. Adv. Sh. (1937) 1187, 1188. ‘ Ordinarily no one element of conduct can be properly held to be an instance of gross negligence. McKenna v. Smith, 275 Mass. 149. Every act or omission entering into a particular happening must be considered in connection with all the other circumstances before the whole can properly be held to be an instance of gross negligence.’ Meeney v. Doyle, 276 Mass. 218, 219.” See also Szemkus v. Petrila, Mass. Adv. Sh. (1938) 433, 434.
In the instant case the trial court found that the defendant was driving “about forty miles per hour”; “did not materially diminish her speed” as she entered the intersection; “did not look to the right until she was almost in the center of the intersection”; that on seeing the Aubey car she turned her automobile to the left without looking in that direction; she continued to look to the right at a child in Aubey’s car; “that she did not look to the left until her car was about two feet from a tree into which she crashed with great force. ’ ’
While speed alone will not constitute gross negligence, it is an element to be taken into consideration. Kohutynski v. Kohutynski, Mass. Adv. Sh. (1936) 2155. Burke v. Cook, 246 Mass. 518, 521. Speed maintained on a curve or at an intersection is also such an element; Savin v. Block, Mass. Adv. Sh. (1937) 903, 904, 906. Goodwin v. Walton, Mass. Adv. Sh. (1937) 1519, as is also inattention to the route and progress of the car. Copeland v. Russell, 290 Mass. 542.
The inattention of the defendant in the case at bar could have been found to be more than a passing glance. Woods v. Woods, Mass. Adv. Sh. (1936) 1629, 1632. It could be *104 said of the defendant, as was said in Cini v. Romeo, 290 Mass. 532, 535:
“Although no single incident of the driving was an act of gross negligence, the combination of acts in the circumstances was sufficient to warrant the jury in finding as a conclusion of fact from all the evidence that the defendant was heedless, that he utterly disregarded the rights of the plaintiff and so was grossly negligent.”
We cannot say the trial judge erred in submitting this issue to himself as a fact finding tribunal.
The cases of Lamb v. Russell, Mass. Adv. Sh. (1936) 869, and Desroches v. Holland, 285 Mass. 495, are distinguishable from the instant case.
The report is dismissed.