HELEN DOMBROWSKI *vs.* WALTER GEDMAN.

FRANK MENDYS *vs.* SAME.

MARY RODZIK *vs.* SAME.

Worcester. September 27, 1937. — December 27, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

Findings as to the circumstances in which the operator of an automobile drove it at an excessive speed along a narrow winding road, notwithstanding protests of guests, and finally crashed into a telegraph pole on a sharp curve, supported a conclusion of gross negligence.

THREE ACTIONS OF TORT. Writs in the Superior Court dated September 28, 1934.

The actions were referred to an auditor whose findings were to be final. Motions by the defendant for judgments in his favor were denied by *Burns*, J., who "found" for the plaintiffs in the sums, respectively, of $650, $460, and $500. The defendant alleged exceptions.

*S. B. Milton*, (*R. C. Milton* with him,) for the defendant.

No argument nor brief for the plaintiffs.

QUA, J. The only question before us is whether the auditor's subsidiary findings require a conclusion at variance with his ultimate finding that the defendant's gross negligence caused the plaintiffs' injuries. *Brooks* v. *Davis*, 294 Mass. 236, 238. *Savin* v. *Block*, 297 Mass. 487, 490.

Pertinent subsidiary findings were these: At 10:45 in the evening of June 16, 1934, the defendant was giving the plaintiffs "a ride home" from a dance hall at Lake Quinsigamond in Worcester. There was a dirt road, averaging about fourteen feet in width and quite rough in spots, for about seven tenths of a mile, after which there was a "tarvia" road about twenty feet wide upon which the accident took place. When starting the defendant "swung out fast on a very sharp curve." Thereafter he drove over the winding and "almost entirely unlighted" road at a speed "far greater than was reasonable and proper," at times reaching from fifty to fifty-five miles an hour, slowing down on curves "just enough to permit him to negotiate them." At times he went from side to side scraping the bushes. The accident finally occurred as the result of the defendant driving around a sharp curve at a speed "not much less than fifty miles per hour," so that he was unable to avoid a telegraph pole which stood about two feet beyond the edge of the tarvia and which was broken off by the impact. Before starting the defendant asked the owner of the automobile, "How fast does this baby go?" During the ride the plaintiffs frequently protested at the speed. Several times the female plaintiffs screamed.

These findings tend to show impatience of reasonable restraint and persistence in a palpably negligent course of

conduct over an appreciable period of time, culminating in the accident. They support the conclusion of gross negligence. *Dean* v. *Bolduc,* 296 Mass. 15. *Smith* v. *Axtman,* 296 Mass. 512. *Connors* v. *Boland,* 282 Mass. 518, 522. *Channon* v. *Lynch,* 292 Mass. 316. *Goodwin* v. *Walton,* 298 Mass. 451. Compare *Kohutynski* v. *Kohutynski,* 296 Mass. 74. In our opinion the case is stronger for the plaintiffs than *McKenna* v. *Smith,* 275 Mass. 149, *Richards* v. *Donohue,* 285 Mass. 19, and *Desroches* v. *Holland,* 285 Mass. 495, upon which the defendant relies.

In each case the entry will be

*Exceptions overruled.*