THOMAS HAGGERTY, administrator, *vs.* THOMAS SULLIVAN, administrator.

Berkshire. September 20, 1938. — October 25, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence,* Gross, Motor vehicle, In use of way, Assumption of risk. *Practice, Civil,* Requests, rulings and instructions.

A finding of gross negligence of an automobile operator was warranted by evidence that while going at a high rate of speed, to which he had soon returned after slowing at the request of a passenger, he turned his head to speak to those riding on the rear seat and then, upon being warned of an approaching vehicle, turned the automobile sharply to the right and ran for more than two hundred feet off the travelled part of the way, going over and breaking the top of a culvert and finally striking a tree.

A trial judge is not required to give instructions to the jury respecting the legal effect of part only of the evidence material to the issue involved.

Evidence that before beginning an automobile ride a guest knew that the operator was accustomed to drive at high speed, and that previous to an accident there was a stop at a "roadside place" did not require a ruling that the guest had assumed the risk of injury through excessive speed.

TORT. Writ in the Fourth District Court of Berkshire dated August 26, 1935.

Upon removal to the Superior Court, the action was tried before *Burns,* J. The original plaintiff testified on cross-examination that on the outward trip the operator had driven

at fifty-five to sixty miles an hour; that the witness knew the operator "had on many occasions when she was with her driven at fifty-five to sixty miles per hour and that she had this in mind when she accepted her invitation to ride; that at that time she also had in mind the fact that . . . [the operator] on other occasions would slow down when somebody spoke to her but then would speed up again;" and that the party had stopped at a "roadside place" during a rain storm. Two of the defendant's requests for rulings were as follows: "If you find that the . . . [plaintiff's intestate] knowing that . . . [the operator] customarily drove at a speed of fifty to sixty miles per hour, nevertheless accepted . . . [the operator's] invitation to ride with her, the plaintiff cannot recover for the accident if you find it was in any way caused by excessive speed . . . ." "The . . . [plaintiff's intestate] knowingly assumed the risk of any accident that was caused or contributed to by a speed of fifty to sixty miles per hour . . . ."

There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

The case was submitted on briefs.

*R. J. Dunn & F. M. Myers*, for the defendant.

*E. K. McPeck & F. W. Cassidy*, for the plaintiff.

RONAN, J. In this action of tort for damages for personal injuries, the jury returned a verdict for the plaintiff, and the case is here upon exceptions to the refusal to grant certain requests for instructions, to direct a verdict for the defendant and to grant a new trial. Both parties died after the commencement of the action and the original parties will be referred to as the plaintiff and the defendant, respectively.

Adopting the view of the evidence most favorable to the plaintiff, a jury could find the following facts: The plaintiff, with three other women, was riding in an automobile operated by the defendant along a highway at a speed of from fifty to sixty miles an hour. The surface of the highway consisted of a strip of cement eighteen feet wide, on either side of which was a shoulder six feet in width. This road was wet at the time of the accident. The defendant turned

her head to the right to speak to the three women who were seated on the rear seat, when the plaintiff, seeing an automobile approaching, said, "Look, May." A companion gave a similar warning. The defendant then looked ahead and turned her automobile sharply to the right to avoid the oncoming automobile. She again pulled her automobile to the right and went off the cement road, across the shoulder, striking a culvert, breaking off a foot or more of the top slab, which was four inches thick, and finally stopped against a tree which was located sixty-three feet beyond the culvert and thirty-one feet from the centre of the road. The defendant had passed the approaching automobile about two hundred fifty feet from the tree, and had proceeded about one hundred fifty feet off the travelled part of the road before hitting the culvert, which was located nine feet from the edge of the road. Before reaching the scene of the accident the plaintiff told the defendant to slow down, and the latter reduced her speed from fifty-five to sixty miles per hour to thirty-five miles per hour, but soon increased the speed to the former rate.

The evidence was conflicting, but it was for the jury to determine her entire conduct from the time she approached the site of the accident until its occurrence, in the light of all the attending circumstances as disclosed by all the evidence. We cannot say that the jury were not warranted in finding the defendant guilty of gross negligence. *Altman* v. *Aronson*, 231 Mass. 588, 591–592. Each case must be decided upon its own peculiar facts, and the difference between ordinary and gross negligence must be observed. However, the combination of the various facts disclosed in the evidence brings the case within the class of cases illustrated by *Meeney* v. *Doyle*, 276 Mass. 218, *Green* v. *Hoffarth*, 277 Mass. 508, *Dow* v. *Lipsitz*, 283 Mass. 132, *Crowley* v. *Fisher*, 284 Mass. 205, *Stowe* v. *Mason*, 289 Mass. 577, *Goodwin* v. *Walton*, 298 Mass. 451, *Colby* v. *Clough*, ante, 52, and distinguishes it from *Curley* v. *Mahan*, 288 Mass. 369, *Adamian* v. *Messerlian*, 292 Mass. 275, *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, *Hebert* v. *Hicks*, 299 Mass. 538, and other cases upon which the defend-

ant relies. As the case was rightly submitted to the jury, there was no error in refusing to direct a verdict for the defendant, much less in denying the motion for a new trial.

The defendant excepted to the refusal to give three requests for instructions. The speed of the automobile or the turning of the head of the operator to speak to those in the rear seat — the fact upon which the third request was predicated — was not a determinative factor. "It is seldom that any one factor or any one precedent will be wholly decisive." *Quinlivan* v. *Taylor*, 298 Mass. 138, 140. The two remaining requests, relative to the assumption of the risk of injury from excessive speed if the plaintiff knew that it was usual for the defendant to drive at the rate of fifty to sixty miles an hour, could not be given. *Dean* v. *Bolduc*, 296 Mass. 15. *Lefeave* v. *Ascher*, 292 Mass. 336. None of these requests was based upon evidence of sufficient import to determine any of the issues. A party is not entitled to single out for special emphasis a portion of the evidence whose strength and force may have been materially affected by other testimony. *Bruce* v. *Johnson*, 277 Mass. 273. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, and cases cited.

*Exceptions overruled.*