MALCOLM CONNOR, JUNIOR, *vs.* IRVING MASON
(and three companion cases[1]).

Worcester. April 3, 1940. — September 10, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence*, Gross, Motor vehicle.

A finding of gross negligence of an operator of an automobile was warranted by evidence that, with poor visibility because of darkness and snow on the windshield, after disregarding repeated protests of his passengers against excessive speed on an icy road, to the last of which he replied impatiently, he drove at that speed on the left side of the road around a curve and down a grade, at the bottom of which his automobile went off the road and overturned as he was trying to avoid another automobile partially blocking the road.

FOUR ACTIONS OF TORT. Writs in the District Court of Winchendon dated June 18, 1937.

On removal to the Superior Court, the cases were tried together before *Goldberg*, J., and there were verdicts for the plaintiffs respectively in the sums of $2,500, $2,615.50, $2,000, and $2,500.

*W. M. Quade*, for the defendant.
*E. B. Hanify*, for the plaintiffs.

QUA, J. There was no error in submitting to the jury the issue of the defendant's gross negligence in the operation of his automobile.

There was evidence that the defendant left Cambridge at 11:25 in the evening of December 20, 1936, and reached

---

[1] The three companion cases were brought against the same defendant by Malcolm Connor, Edith M. Connor and Margaret Eisenhauer.

the scene of the accident in Ashburnham in an hour and five minutes; that he had been warned repeatedly by his guest passengers against excessive speed on icy roads; that to the last warning shortly before the accident he replied, "Oh, don't be an old woman"; that in a snow flurry, with snow on the windshield and visibility poor, he drove on the left hand side of the road at a speed of between fifty and sixty miles an hour around a curve and down a fairly steep grade which he knew was likely to be icy, and which in fact was icy; that as the defendant rounded the curve at the top of the hill there was another automobile near the bottom of the hill which was skidding or had skidded partially across the road; that there would have been time and space to avoid it without an accident if the defendant had been driving more slowly; that as the defendant's automobile went down the hill it sometimes struck ice and swerved from side to side; and that it finally ran off the road about opposite the other automobile, turned over and landed on its wheels again, facing in the direction from which it had come. *Manning* v. *Simpson*, 261 Mass. 494. *Gionet* v. *Shepardson*, 277 Mass. 308. *Connors* v. *Boland*, 282 Mass. 518. *Channon* v. *Lynch*, 292 Mass. 316. *Dean* v. *Bolduc*, 296 Mass. 15. *Goodwin* v. *Walton*, 298 Mass. 451. *Dombrowski* v. *Gedman*, 299 Mass. 87. *Haggerty* v. *Sullivan*, 301 Mass. 302. The cases at bar are distinguishable from *McKenna* v. *Smith*, 275 Mass. 149, *Stetson* v. *Howard*, 284 Mass. 208, *Desroches* v. *Holland*, 285 Mass. 495, *Curley* v. *Mahan*, 288 Mass. 369, *Adamian* v. *Messerlian*, 292 Mass. 275, *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, and other cases cited by the defendant.

In each case the entry will be

*Exceptions overruled.*