MATILDA F. LOUGHRAN *vs.* EMILIE C. NOLAN.

Suffolk. October 10, 1940. — October 31, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence*, Gross, Motor vehicle.

Evidence merely that a woman drove an automobile on a narrow, winding, slippery road at a speed of from thirty to thirty-five miles per hour when she was very tired and that the automobile skidded and ran off a bridge, would not have warranted a finding that she was grossly negligent.

TORT. Writ in the Superior Court dated April 28, 1932.

A verdict for the defendant was ordered by *Greenhalge*, J.

*B. J. Killion & J. F. Connolly*, for the plaintiff, submitted a brief.

*G. B. Rowell*, (*D. F. Sullivan* with him,) for the defendant.

COX, J. This is an action of tort to recover for injuries received by the plaintiff while riding as a "guest" in an automobile, operated by the defendant, in Virginia. It is agreed that the law of Virginia is the same as that of this Commonwealth in that the defendant is liable only for gross negligence.

The parties to the action, together with some friends, were on an automobile trip. The accident happened on August 25, 1931. It was a beautiful day until about one o'clock when it began to rain and became "very dark and clammy, just teeming rain." The plaintiff had driven the automobile during the morning for about four hours, and the defendant took the wheel after lunch with the plaintiff sitting beside her. Thereafter, there was more or less talk

among the occupants of the automobile about relieving the defendant from the driving, and, about one half to one hour before the accident, there was talk of stopping at a tourist camp which they passed, because it was such a terrible day and the visibility was so poor. Several times the defendant was asked to slow down, "to stop or give up the wheel." In the course of the conversation, the defendant admitted that she was tired and said, "Oh, I am very weary, but it is the day." She also stated that she did not want anyone else to drive and that she did not want to stop but wished to get as near to Washington as she could that night. They did not stop until the accident. The defendant was seen to nod three times. The road had a black slippery crown, was very narrow, rather winding, and very slippery, "and red clay was all across it that the rain had brought up from the side of the hill." A speed of thirty to thirty-five miles an hour had been maintained during the afternoon, and, about fifteen miles beyond the tourist camp, at some time between three and four o'clock in the afternoon, while the automobile was travelling at the same speed, another automobile passed. There was no collision and both automobiles stayed on the road. Suddenly "we went into a skid. We went across the road, and the car went over the side of a bridge and dropped in this river . . . . It was perhaps a few seconds after the car had passed them that the skid occurred after which the car skidded along up to the edge of the bridge."

The trial judge directed a verdict for the defendant upon a stipulation of the parties.

We are of opinion that there was no error. The speed at which the automobile was being operated would not, in and of itself, amount to gross negligence, *Bruno* v. *Donahue*, 305 Mass. 30, 34, and skidding, in and of itself, is not even evidence of negligence. *Folan* v. *Price*, 293 Mass. 76, 78. Whether, in the circumstances, the skidding could have been found to be evidence of negligence or not, it does not warrant a finding of gross negligence. See *Adamian* v. *Messerlian*, 292 Mass. 275. From the record there is nothing to show when or at what stage in the

journey the defendant nodded, and no finding was permissible other than that up to the time the automobile skidded it was in the defendant's control, nor can it be said that the fact that the defendant was tired would justify a finding of gross negligence. See *Shriear* v. *Feigelson,* 248 Mass. 432. It is true that a jury would not be required to pass separately upon the various elements that entered into the defendant's conduct. On the contrary, that conduct should be considered as a whole, having due regard for the attendant circumstances. But we are of opinion that the evidence did not warrant a finding of that high degree of culpability and indifference to duty that is the essential characteristic of gross negligence. We think that the case comes within the class of cases, examples of which are *Bruno* v. *Donahue,* 305 Mass. 30, and cases cited at page 35, *Burke* v. *Cook,* 246 Mass. 518, *Shriear* v. *Feigelson,* 248 Mass. 432, and that it is distinguishable from *Manning* v. *Simpson,* 261 Mass. 494, *Dean* v. *Bolduc,* 296 Mass. 15, *McGaffigan* v. *Kennedy,* 302 Mass. 12, *Connor* v. *Mason,* 306 Mass. 553, upon which the plaintiff relies. In the circumstances, it is unnecessary to consider any question of contributory negligence.

The exceptions are overruled and, in accordance with the stipulation, judgment is to be entered for the defendant.

*So ordered.*