CLAUDE HARVEY *vs.* JEROME V. MURPHY.

Norfolk.   November 12, 1940. — January 2, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence*, Gross, Motor vehicle, Grade crossing.

Evidence of conduct of the operator of an automobile in the last one hundred feet of his approach at night to a grade crossing of a railroad when the gates were up and no sound of a bell or whistle was heard, following which he ran into the side of the fifty-second car of a freight train, did not warrant a finding of gross negligence on his part toward a guest in his automobile.

TORT.   Writ in the Superior Court dated December 2, 1929.

The case was reported by *Dowd*, J.

*T. C. O'Brien*, (*J. E. Keefe, Jr.*, with him,) for the plaintiff.

*S. P. Sears*, (*R. Maguire* with him,) for the defendant.

DONAHUE, J.   The plaintiff was injured while riding as a "guest" on the rear seat of an automobile, owned and operated by the defendant, which collided with the side of a moving freight train at a grade crossing a short distance south of the town of Medfield soon after two o'clock in the morning of October 12, 1929.   The case was tried before a jury in the Superior Court on a declaration alleging gross negligence of the defendant.   At the close of the evidence introduced by the plaintiff, the defendant rested.   The judge directed the jury to return a verdict for the defendant and reported to this court the question of the correctness of his action.

The evidence is here summarized.   As the defendant's automobile approached a garage which was seventy-five

to one hundred feet from the grade crossing, it was proceeding at the rate of thirty-five to forty miles an hour along a main highway from Millis to Boston. The weather was clear. The headlights "were working and shone for a distance of approximately seventy-five feet in front of the automobile." The road was straight for a distance of six or seven hundred feet as the automobile approached the grade crossing. A passenger on the front seat saw an automobile "with strong lights" coming from the opposite direction and, when the defendant's automobile was seventy-five feet from the crossing, saw the gates at the railroad crossing "sticking up straight in the air." He "looked up and saw something big in front of him and knew nothing more." The plaintiff was on the rear seat and his vision ahead was for the most part obstructed by the defendant and the other man on the front seat. All that he remembered of the accident was that he first noticed a swaying of the automobile and then "felt the rear of the automobile swerve sharply to the right and brakes applied." He heard no engine bell or whistle. There was evidence that at two o'clock in the morning there was a gateman at the crossing but at twenty minutes after two there was not a gateman there. There was also testimony that the train was made up of seventy-five cars and two engines, that the defendant's automobile collided with the fifty-second and fifty-third cars from the front, and that the rear of the train was about half a mile from its front.

Whether there was gross negligence in the defendant's operation of his automobile is to be determined upon all the circumstances shown relating to his conduct in operating it, and "the particular elements of his conduct are proper matters for consideration in determining whether his conduct as a whole was grossly negligent." *Hebert* v. *Hicks*, 299 Mass. 538, 541. The burden was on the plaintiff to prove that the defendant's conduct in operating his automobile at the time of the plaintiff's injury was such as to amount to gross negligence as that term is defined in *Altman* v. *Aronson*, 231 Mass. 588, 591, 592. There is nothing to indicate that the defendant's operation of his

automobile earlier in the journey or until it approached the vicinity of a garage, which was seventy-five or one hundred feet from the grade crossing, was negligent or in any way improper. (Compare *Connor* v. *Mason*, 306 Mass. 553, and cases cited.)

We are here concerned with the character of the conduct of the defendant while his automobile traversed at best a little more than one hundred feet of the road, at a rate of speed which, if maintained for that distance, would bring the automobile to the crossing in a few seconds. The operation of the automobile at the rate of speed of thirty-five to forty miles an hour would not, in and by itself, amount to gross negligence. *Kohutynski* v. *Kohutynski*, 296 Mass. 74, 77, 78. *Loughran* v. *Nolan*, 307 Mass. 195. The only other act of the defendant in operating his automobile in that space and during that time, so far as the record shows, was his application of the brakes. While the precise spot where the brakes were applied does not appear, it was manifestly too near to the crossing to stop the automobile before it hit the train.

In addition to the common law obligation of the defendant to use due care in operating his motor vehicle on a public highway, a statutory duty was imposed on him in approaching a railroad crossing at grade to "reduce the speed of the vehicle to a reasonable and proper rate" and to "proceed cautiously over the crossing." G. L. (Ter. Ed.) c. 90, § 15 (St. 1933, c. 26, § 1). See also G. L. (Ter. Ed.) c. 160, § 232. Assuming that the evidence warranted the findings that the defendant violated his common law and his statutory duties in the operation of the automobile, the plaintiff, by reason of the "guest" relationship existing, could recover only if the conduct of the defendant was grossly negligent. *Duval* v. *Duval*, 307 Mass. 524, 529, 530.

The defendant was not a witness. The testimony of the plaintiff and of the man on the front seat with the defendant, as to the attendant circumstances and the conduct of the defendant, was scanty. The accident happened in the early hours of the morning when traffic on highways and railroads would, ordinarily, not be expected to be heavy.

The crossing gates were up, a fact which might tend to lead an operator of an approaching automobile to think that his passage over the crossing was clear. The size and color of the freight cars which were passing over the crossing when the automobile was approaching did not appear. The railroad car that the automobile of the defendant struck and the following car were "tank" cars. The engine bell and whistle were not heard by the plaintiff. Such signals might have been given when the engine at the head of the long train approached the crossing but when the defendant's automobile was still far away.

There was no evidence of the defendant's "deliberate inattention, or of voluntary incurring of obvious risk, or of impatience of reasonable restraint, or of persistence in a palpably negligent course of conduct over an appreciable period of time," which are mentioned in *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172, as "some of the more common *indicia* of gross negligence." So far as appears, the accident may have happened because the defendant failed to see the train and to apply his brakes a few seconds earlier, as the result of "a mere lapse of eyesight, perception or judgment which may have been only momentary." *Lynch* v. *Springfield Safe Deposit & Trust Co. supra.* Compare *Lyons* v. *Todina,* 306 Mass. 592.

The relation of the parties here was such that the defendant was liable, not for ordinary negligence but only for gross negligence. The evidence did not warrant a finding of gross negligence within the accepted definition of that term. *Altman* v. *Aronson,* 231 Mass. 588, 591, 592.

*Judgment for the defendant.*