Jennie DeSimone *vs.* John Pedonti.

Angelo DeSimone *vs.* Same.

Plymouth.    February 4, 1941. — February 25, 1941.

Present: Field, C.J., Lummus, Qua, Cox, & Ronan, JJ.

*Negligence,* Gross, Motor vehicle.

A finding of gross negligence of the operator of an automobile was not warranted by evidence merely that he, angry after an altercation with a guest and determined to take the guest home "in a hurry," drove on a narrow, "kind of rough" dirt road having many sharp curves, that the guest urged him to "slow down" and that on one of the curves the automobile skidded, struck a tree, and tipped over while going forty-five miles an hour.

Two actions of tort, the first for personal injuries, the second for consequential damages. Writs in the Second District Court of Plymouth dated May 5, 1938.

Upon removal to the Superior Court, the actions were

tried before *Kirk*, J. Verdicts for the plaintiffs in the sums, respectively, of $2,100 and $205 were recorded subject to leave reserved; and thereafter the judge ordered entered verdicts for the defendant. The plaintiffs alleged exceptions. The minor plaintiff is referred to in the opinion as the plaintiff.

*H. M. Leen*, for the plaintiffs.

*E. J. Campbell*, (*E. W. Olsson* with him,) for the defendant.

QUA, J. The minor plaintiff at the time of her injury was riding as a guest at the defendant's invitation in an automobile which she testified was being driven by him. The decisive issue in both cases is whether the accident was caused by gross negligence of the defendant.

There was much conflict in the evidence, but from that most favorable to the plaintiff the jury could make these findings: On the evening of June 17, 1937, the defendant met the plaintiff at Nantasket and offered to drive her to Weymouth where she was employed as a "domestic." The defendant turned off the main road into Hobart Street and parked the automobile. There an altercation occurred between the parties. The defendant became angry, started cursing and said, "I will get you home in a hurry." He started the automobile, racing the motor, and headed back toward the main road. Hobart Street is a narrow, twisted road, with many sharp curves and at the point of the accident had only a dirt surface, "kind of rough." The only definite evidence as to its width was that it was wide enough for two cars to pass. The plaintiff, noticing the speed and the curves, "urged . . . [the defendant] to slow down or, 'we would get killed.'" The defendant was still cursing, and the next thing the plaintiff knew the defendant had "made a sharp curve . . . going about forty-five miles an hour . . . and the car skidded and hit a tree and tipped over on its left side." The defendant testified that there was another automobile ahead raising "quite a bit of dust . . . and it obstructed our view, and when we came to the curve we did not take it." The accident occurred at about eleven o'clock.

We are inclined to agree with the trial judge that there was not enough to support a finding of gross negligence. Essentially the plaintiff's case is one of skidding off the road at forty-five miles an hour on a curve. There is little else of substance. That the road was "kind of rough" and the curve "sharp" adds scarcely anything in the absence of more precise description of the degrees of roughness and curvature. There is nothing to show the appearance of the road just before the curve was reached. The speed is not extraordinary and must be accompanied by more than here appears in order to make out a case. *Kohutynski* v. *Kohutynski*, 296 Mass. 74. There is no evidence whatever of deliberate inattention. It is argued that the defendant, being angry, persisted in a negligent course of conduct for a considerable period before the accident. But here again the evidence seems to us to fall short of that which is required. There was evidence that the plaintiff had urged the defendant to slow down, but no evidence as to what his speed then was, and there was no evidence either by description of his manner of driving or of the course of the automobile under his guidance which shows a high degree of negligence in the actual operation of the automobile before the accident. Without this, evidence that the defendant was angry and determined to get the plaintiff home "in a hurry" is of little significance.

These cases are weaker than either *Channon* v. *Lynch*, 292 Mass. 316, or *Dombrowski* v. *Gedman*, 299 Mass. 87, which they somewhat resemble. See *Cook* v. *Cole*, 273 Mass. 557, 560–562; *McKenna* v. *Smith*, 275 Mass. 149; *Richards* v. *Donohue*, 285 Mass. 19; *Castelli* v. *Padeni*, 301 Mass. 603; *Bruno* v. *Donahue*, 305 Mass. 30.

In each case the entry will be

*Exceptions overruled.*