ARTHUR McGRATH vs. HAROLD PARSONS.

LEVI J. MUISE, administrator, vs. SAME.

Essex.   November 2, 1942. — December 1, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Guest, Gross, Motor vehicle, Use of way.

Evidence of the circumstances in which the captain and part owner of a
   fishing vessel two days before Christmas transported a member of the
   crew in the captain's automobile from the home port of the vessel to a
   city where the member intended to make a visit and whence they
   planned to return to the vessel in time to go on a fishing trip late on
   Christmas day did not warrant a finding that at the time of an acci-
   dent on the way to the city the member was more than a guest of the
   captain in the automobile.

Evidence that at a place where a highway curved sharply to the left an
   automobile at night went over the curb and across the sidewalk, broke
   off a five-inch tree, went through a fence made of pipe and dropped to
   lower land abutting the highway, without evidence of careless driving
   as it approached the place of the accident, did not warrant a finding of
   gross negligence of the operator.

TWO ACTIONS OF TORT.   Writs in the District Court of
Eastern Essex dated October 3, 1940.

The declaration in the McGrath case contained, among
others, a count based on allegations that the plaintiff was
an employee of the defendant and was riding in the de-
fendant's automobile "for a consideration" when he was
injured through the defendant's negligent operation thereof,
and a count based on gross negligence of the defendant.
The declaration in the Muise case contained, among others,
a count for conscious suffering based on allegations that the
plaintiff's intestate was an employee of the defendant and
was riding in the defendant's automobile "for a considera-
tion" when he was injured through the defendant's negligent
operation thereof, a count for conscious suffering based on
gross negligence of the defendant, and counts for the death
of the intestate.

Upon removal to the Superior Court, the actions were tried together before *Good*, J., who ordered verdicts for the defendant on all the counts in the McGrath case and on all the counts in the Muise case except one of the counts for death, on which there was a verdict for the plaintiff. The plaintiffs alleged exceptions.

*H. S. Avery*, (*Van C. Lawrence* with him,) for the plaintiffs.

*W. W. Jump*, for the defendant.

RONAN, J. The plaintiff in the first case, and the plaintiff's intestate in the second case, one Muise, were members of the crew of a fishing vessel of which the defendant was captain and part owner and which was engaged in making trips out of New Bedford and returning to that city, where the fish was marketed. Both men informed the defendant during the early morning of December 22, 1939, that they intended to leave that morning by train to take Christmas presents to some relatives in Gloucester. The captain told them that there was certain work to be done on the vessel's equipment and that as he too intended to go to Gloucester they could accompany him and could return with him as he planned to make a fishing trip in season to market the catch the day after Christmas. The defendant, accompanied by McGrath and Muise, left New Bedford early on the morning of December 23, 1939, in the defendant's automobile. The defendant operated the automobile. McGrath and Muise occupied the rear seat. The defendant testified that, while proceeding at about twenty-five miles an hour along a highway in Manchester, he was blinded by the lights of an approaching automobile, and that before he could slow down his own automobile went across the sidewalk and tipped over in a yard. There was evidence that there was a sharp curve to the left as the automobile was travelling where it crossed the sidewalk, and that it broke off a tree five inches in diameter, and, after breaking through a fence, composed of two horizontal sections of pipe attached to uprights of pipe located on the inside of the sidewalk, dropped down seventeen feet to the level of the land abutting the sidewalk. There was a mark two feet long made by the tire before it went over the curbstone, and there were brake marks fifty

feet back from the tree. Muise's head was driven through the windshield while McGrath was found inside the rear of the automobile. The judge, subject to the exceptions of the plaintiffs, directed a verdict for the defendant in the first case, and upon the counts for conscious suffering in the second case. The jury found for the plaintiff in the second case on the fourth count, for death, so that the only questions now before us relate to the counts for conscious suffering.

McGrath and Muise were making the trip to Gloucester for their own personal benefit. The trip had no connection with their employment by the defendant and he acquired no pecuniary gain or advantage from their transportation. At the time of the accident neither of these men was engaged in the performance of anything in which the defendant had an interest. His offer to transport them to and from Gloucester was not a part of the terms of their employment and it was not a matter incidental thereto. They were free to accept or reject the opportunity of riding with the defendant. He could not require them to accompany him. The plaintiffs urge that it was for the defendant's benefit that McGrath and Muise return to New Bedford in time to go on the fishing trip at midnight on Christmas. The accident did not occur on the return trip, and if it had we do not intimate that they would stand in any different relation to the defendant than they occupied on the trip to Gloucester. At the time of the accident they were being transported gratuitously and solely as a matter of accommodation to them. They were riding as guests of the defendant. *Flynn* v. *Lewis,* 231 Mass. 550. *Gaboury* v. *Tisdell,* 261 Mass. 147. *Baker* v. *Hurwitch,* 265 Mass. 360. *Jacobson* v. *Stone,* 277 Mass. 323. *Perkins* v. *Gardner,* 287 Mass. 114. *Roiko* v. *Aijala,* 293 Mass. 149.

The only direct evidence of the speed of the automobile was the testimony of the defendant that he was travelling twenty-five miles an hour just before the accident. The jury were not required to believe this testimony. The plaintiffs contend that the course of the automobile and the damage sustained by it show that it was proceeding at

a much higher rate of speed. The road curved sharply to the left where the wheel of the automobile, scraped for two feet by the curb, went over the curbstone. The automobile broke off a five-inch tree and went through the fence. The fence as shown by the photographs was not of such construction as to offer much resistance to an automobile. The damage sustained by the automobile might have been caused by its drop to the yard adjoining the way. We do not think that these physical factors, taken collectively, indicate that the automobile was driven at such a highly dangerous rate of speed as to indicate gross negligence on the part of the driver. Furthermore, there is no evidence that the automobile was not driven carefully and properly as it approached the place of the accident. The evidence would not support a finding of that indifference to duty and that high degree of culpability which are essential characteristics of gross negligence on the part of the defendant. There was no error in directing verdicts for the defendant. *Adamian* v. *Messerlian*, 292 Mass. 275. *Hebert* v. *Hicks*, 299 Mass. 538. *Bruno* v. *Donahue*, 305 Mass. 30. *Duval* v. *Duval*, 307 Mass. 524. *Harvey* v. *Murphy*, 308 Mass. 16. *DeSimone* v. *Pedonti*, 308 Mass. 373.

*Exceptions overruled.*