ESTHER B. ROMER *vs.* YALE KAPLAN.

Suffolk. March 2, 1942. — April 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, & WILKINS, JJ.

*Negligence,* Gross, Motor vehicle, Use of way.

A finding of gross negligence of the operator of an automobile toward a woman riding alone in the rear seat was not warranted by evidence merely that he drove at forty-five to fifty miles an hour over a "bumpy" road, disregarding a mild request by the woman and by another occupant that he slacken speed, until the woman was thrown against the roof of the automobile and injured by a "terrific bounce."

TORT. Writ in the Municipal Court of the City of Boston dated March 7, 1939.

Upon removal to the Superior Court, the action was tried before *Dowd,* J. The only exception pressed by the plaintiff was to the ordering of a verdict for the defendant on a count of the declaration in which it was alleged that the plaintiff, while riding as a guest in the defendant's automobile, was injured because of his gross negligence in operating it.

The case was argued at the bar on March 2, 1942, before *Field,* C. J., *Donahue, Qua,* & *Ronan,* JJ., and after the retirement of *Donahue* & *Cox,* JJ., was submitted on briefs to *Lummus, Dolan,* & *Wilkins,* JJ.

*A. W. Howes,* for the plaintiff.

*W. A. Robbins,* (*C. M. Pratt* with him,) for the defendant.

LUMMUS, J. After a directed verdict for the defendant, the case comes here on the plaintiff's exceptions. The only question is whether the evidence warranted a finding by the jury of the essential fact that the defendant was grossly negligent. *Bragdon* v. *Dinsmore,* 312 Mass. 628, and cases cited. *McGrath* v. *Parsons,* 312 Mass. 476.

The evidence may be summarized as follows. On August 1, 1938, after supper at the house of the plaintiff's cousin, to whom the defendant was engaged, the defendant invited the plaintiff and one Dora Franklin to go in his automobile

to see a motion picture. Dora Franklin told the defendant that a recent surgical operation compelled her to sit in the front seat where she would not be "tossed around." She rode in the front seat with the defendant, who was the operator. The plaintiff rode in the rear seat.

After the picture show, all three persons resumed the same seats, and the automobile started away. The defendant departed from the way home, explaining that he had promised to pick up his brother at midnight. The time was then twenty minutes before twelve. The road, though not cobblestoned, became "bumpy," and the speed increased to "between forty-five and fifty miles an hour." The plaintiff bounced around so that she had to hold on to the strap with one hand while she braced the other hand on the seat and her feet on the back of the front seat. She asked the defendant to slow down. He replied in substance that he had to get his brother, who was waiting, that that would take only a few minutes, that he was late, and that the plaintiff would be all right. Then Dora Franklin asked the defendant to slow down, because she could not stand the "bumpiness." But the defendant increased the speed to fifty miles an hour, and the road became still more "bumpy." Since leaving the way home, he had travelled half a mile. Both the plaintiff and Dora Franklin then excitedly shouted to the defendant to stop, lest they be hurt. Immediately afterwards the automobile "made a terrific bounce." The plaintiff was thrown up from the seat, and hurt her head on the roof of the automobile. She fell to the floor, "all crumpled up."

There is no evidence of even momentary inattention on the part of the defendant. Apparently he had the automobile under control at all times. There was no collision, no overturning, no departure from the course. Taken by itself, the speed would not warrant a finding of gross negligence. *Kohutynski* v. *Kohutynski*, 296 Mass. 74, 78, and cases cited. *Loughran* v. *Nolan*, 307 Mass. 195. *Harvey* v. *Murphy*, 308 Mass. 16, 18. *DeSimone* v. *Pedonti*, 308 Mass. 373, 375. Of the "more common indicia of gross negligence" (*Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172),

none could be thought to exist in this case except "impatience of reasonable restraint" and "persistence in a palpably negligent course of conduct." As to the former, only the first mild requests of the plaintiff and Dora Franklin can be considered, for the injury happened so soon after their second and more emphatic protests that the defendant had no time for compliance with them. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172. As to the latter, the conduct of the defendant can hardly be said to have been "palpably" negligent. Apparently the defendant did not realize the effect of the rate of speed combined with the nature of the road upon a woman riding alone in the rear seat. It may be observed, however, that a photograph of the road shows an asphalt surface with no considerable roughness except for the presence of some manhole covers.

Each case must be decided upon its own peculiar facts. *Quinlivan* v. *Taylor*, 298 Mass. 138, 140. *Haggerty* v. *Sullivan*, 301 Mass. 302, 304. *Beaton* v. *Dawson*, 303 Mass. 429, 432. *Duval* v. *Duval*, 307 Mass. 524, 528. *Driscoll* v. *Pagano*, 313 Mass. 464, 468. Even "though no single element of the operator's conduct is sufficient to warrant such a finding [of gross negligence], the particular elements of his conduct are proper matters for consideration in determining whether his conduct as a whole was grossly negligent." *Hebert* v. *Hicks*, 299 Mass. 538, 541. *Quinlivan* v. *Taylor*, 298 Mass. 138, 140. *O'Neill* v. *McDonald*, 301 Mass. 256, 257. *Haggerty* v. *Sullivan*, 301 Mass. 302, 304. *Bruno* v. *Donahue*, 305 Mass. 30, 35, 36. *Loughran* v. *Nolan*, 307 Mass. 195, 197. *Duval* v. *Duval*, 307 Mass. 524, 528. *Harvey* v. *Murphy*, 308 Mass. 16, 17. *Driscoll* v. *Pagano*, 313 Mass. 464, 468. We must take care not to permit juries to convert all negligence into gross negligence. *Quinlivan* v. *Taylor*, 298 Mass. 138, 140. *Haggerty* v. *Sullivan*, 301 Mass. 302, 304. *Beaton* v. *Dawson*, 303 Mass. 429, 432. *Duval* v. *Duval*, 307 Mass. 524, 528. *Driscoll* v. *Pagano*, 313 Mass. 464, 468.

In *DeSimone* v. *Pedonti*, 308 Mass. 373, the defendant, angered, told the plaintiff that he would get her home "in a hurry." He drove over a rough, curving road at forty-five

miles an hour, although she urged him to slow down. On a curve the automobile skidded and overturned. In *Driscoll v. Pagano*, 313 Mass. 464, the defendant was hurrying at forty miles an hour down grade on a wet, slippery road, to get to a dance hall before the hour when the price increased. He kept on despite cautions from the plaintiff and others. The automobile skidded on a car track, and went off the road. In each of these cases it was held that there was no evidence of gross negligence. In the latter case a number of similar decisions are stated. We think that the present case is no stronger for the plaintiff.

*Exceptions overruled.*