# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

HELEN E. ADAMS *vs.* NEIL DOUCET.

Essex. January 5, 1943. — April 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, & WILKINS, JJ.

*Negligence,* Gross, Motor vehicle, Use of way.

A finding of gross negligence of the operator of an automobile was not warranted by evidence merely that, while driving at fifty miles an hour after having disregarded requests of other occupants of the automobile that he slacken speed, he unnecessarily turned into the middle of the street where there were car tracks and the pavement was wet and slippery, as he knew, whereupon the automobile overturned.

TORT. Writ in the District Court of Southern Essex dated October 30, 1940.

The case was heard by *Kiely,* J. In this court it was argued at the bar in January, 1943, before *Field,* C.J., *Donahue, Lummus, Dolan,* & *Cox,* JJ., and, after the retirement of *Donahue* & *Cox,* JJ., was submitted on briefs to *Qua, Ronan,* & *Wilkins,* JJ.

*J. Z. Doherty,* for the defendant.

*H. J. Shaw,* for the plaintiff.

LUMMUS, J. In this action by a "guest" rider in an automobile against the owner and operator of it, to recover for bodily injury resulting on September 21, 1940, from his

gross negligence, the judge found that the defendant was under the influence of intoxicating liquor at the time of the injury and that the injury was due to his gross negligence. Consequently the judge found for the plaintiff. The case was reported to the Appellate Division in substance on the question whether the evidence warranted a finding for the plaintiff. The Appellate Division dismissed the report, and the defendant appealed to this court.

The evidence may be summarized as follows. In the defendant's automobile were his wife, a Mr. Davis, a Mr. Bouchard, a Miss Foster and the plaintiff. Before starting from Swampscott, Bouchard and the defendant had been together for more than an hour, and had finished a pint of liquor. The whole party went to an inn at Revere, and there the defendant had three drinks. They then went to a dance hall in Revere, where the defendant had a glass of beer. But there was no evidence that the defendant was affected by liquor, and there was evidence that he was not. Police officers who saw him and talked with him shortly after the accident testified that his condition was normal. We must put intoxication out of the case.

After eating, the party started home to Swampscott between one and two o'clock in the morning. On the way home, the defendant was driving at the rate of fifty miles an hour, and three of the party asked him at different times not to drive so fast. He laughingly answered that he was going only twenty miles an hour. The defendant stopped at all traffic lights. About seventy-five feet from the place of the accident, Miss Foster asked the defendant again to drive more slowly.

Just before the accident, the defendant turned to the left from the macadam pavement into the middle of the road where there was a double set of car tracks, at the level of the pavement, which between the tracks was of red brick. It was slippery when wet, as the defendant knew. The road was wet, and the weather was foggy. He did not expect to skid. He could have kept on his course without going into the car tracks. When the wheels reached the tracks, the automobile tipped over, and the plaintiff was hurt.

During the entire trip to the scene of the accident, the occupants of the automobile had remained in their seats, engaged in general conversation.

Putting intoxication out of the case, as we must, we have left only the speed, on a wet pavement, maintained after requests to drive more slowly. But the occupants of the automobile apparently did not think themselves in grave danger. The question before us is one of judgment on the evidence in the particular case. In this case we think that a finding of gross negligence was not warranted. *Romer* v. *Kaplan*, 315 Mass. 736.

*Order of Appellate Division reversed.*
*Judgment for the defendant.*