Merrimack,
No. 4742.

CORA M. MCALLISTER & a. v. NELSON F. MALTAIS.

Argued June 16, 1959.

Decided September 25, 1959.

*Upton, Sanders & Upton* (*Mr. Frederic K. Upton* orally), for the plaintiffs.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Malcolm Mecartney* (*Mr. Mecartney* orally), for the defendant.

KENISON, C. J. Since the accident occurred in Massachusetts, the rights of the parties are to be determined by the law of that Commonwealth. *Roy* v. *Roy*, 101 N. H. 88; *Conant* v. *Collins*, 90 N. H. 434; *Lee* v. *Chamberlin*, 84 N. H. 182. Consequently the verdicts for Cora and her husband, Lawrence McAllister, can be sustained only if the evidence warranted a finding of gross negligence on the part of the defendant as delineated in the opinions of the Massachusetts court. *Massaletti* v. *Fitzroy*, 228 Mass. 487; *Altman* v. *Aronson*, 231 Mass. 588; *Lynch* v. *Springfield Safe Deposit & Trust Co.*, 294 Mass. 170. See Allen, A Classification of the Automobile Guest Cases, 32 B. U. L. Rev. 162 (1952).

As a preliminary matter it may be noted that we agree with the proposition advanced in the defendant's comprehensive and thoroughly prepared brief that the doctrine of gross negligence in Massachusetts is a strict one (*Romer* v. *Kaplan*, 315 Mass. 736, 738) and that decisions from other jurisdictions are not necessarily helpful. *Cf.* Anno. 42 A. L. R. (2d) 13. Therefore, we confine our

attention to Massachusetts decisions bearing in mind the defendant's analysis of approximately one hundred twenty-seven cases involving this problem as applied to a guest passenger, in sixty-five of which the Supreme Court has held that there was evidence of gross negligence and in sixty-two that there was not.

As already noted the Trial Court instructed the jury that the standard to determine liability of the defendant to Cora was gross negligence. This was correct since Cora, under the Massachusetts decisions, would be treated as the principal of a gratuitous agent, and as such, could hold her agent responsible only upon a showing of gross negligence. *Bagley* v. *Burkholder*, (Mass.) 149 N. E. (2d) 143. The defendant does not quarrel with the Trial Court's action in this respect but does earnestly insist that the Trial Court erred in failing to grant a nonsuit or a directed verdict for the defendant in the suits by Cora and her husband because the defendant as a matter of law was not grossly negligent. We proceed to a discussion of that problem.

I. Does the Evidence Warrant a Finding of Gross Negligence of the Defendant? "It is seldom that any one factor or any one precedent will be wholly decisive. The matter is likely to remain largely one of opinion in each case." *Quinlivan* v. *Taylor*, 298 Mass. 138, 140. While this quotation appears in a case in which it was decided that the evidence did not warrant a finding of gross negligence, the same thought has been expressed in cases holding that evidence sustained a finding of gross negligence (*Hastings* v. *Flaherty*, 321 Mass. 368) including cases where "the question is not free from doubt." *Doherty* v. *Spano*, 336 Mass. 576, 578.

While there was a conflict in the testimony of the parties, there was evidence from which the jury could find certain salient facts. For fifteen or twenty miles prior to the accident, and at the time of the accident "the driving conditions" were "rainy, sleety and icy"; the windshield was covered with sleet and ice in front of the passengers and the defendant's vision was limited to a "small peephole" at the bottom of the windshield about three by four inches in size which was "blurry" and the defendant "had to look down under the steering wheel in order to look out"; the speed was "50 and 55"; the defendant was driving under these conditions of visibility and speed on Greenlodge Street which he had been advised was "narrow and curvy" and with which he was not familiar; the defendant did not heed suggestions that he stop and clear the windshield of ice.

It is the defendant's contention that however this evidence may be characterized it cannot be considered gross negligence. Reliance is placed on a group of cases which have some similarity factually although in each case there are distinguishing factors. *Quinlivan* v. *Taylor*, 298 Mass. 138; *Loughran* v. *Nolan*, 307 Mass. 195; *Bertelli* v. *Tronconi*, 264 Mass. 235; *Belina* v. *Pelczarski*, 333 Mass. 730; *Romer* v. *Kaplan*, 315 Mass. 736; *Lalumiere* v. *Miele*, (Mass.) 149 N. E. (2d) 365.

While we have discovered no case precisely in point we think the evidence of the defendant's driving conduct was sufficient to warrant a finding of gross negligence. His view was obscured and limited and a speed of fifty to sixty miles an hour in such circumstances on an unfamiliar road can be classed as culpable conduct highly dangerous to his passengers and traffic. The periscopic view which the defendant had on a narrow, curving and unfamiliar road under unfavorable weather conditions combined with an unsafe speed under the circumstances constitute a total course of conduct sufficient to spell out gross negligence. *Lefeave* v. *Ascher*, 292 Mass. 336. See *Savin* v. *Block*, 297 Mass. 487; *Dombrowski* v. *Gedman*, 299 Mass. 87; *Connor* v. *Mason*, 306 Mass. 553; *MacGowan* v. *Mills*, 93 N. H. 84 (applying Massachusetts law); 1954 Annual Survey of Massachusetts Law, *s.* 4.6; Martin and Hennessey, Massachusetts Practice (automobile law and practice) *ss.* 394, 398 (1954).

II. Assumption of the Risk and Contributory Negligence. The defendant argues that Cora is barred from recovery as a matter of law because "she assumed the risk" and that she, and the plaintiff Shirley also, were both contributorily negligent. The Massachusetts courts have held that whether the defense be properly called assumption of risk or "contributory negligence, it is conduct which precludes recovery against a host. It is full acceptance of appreciated risks." *Laffey* v. *Mullen*, 275 Mass. 277, 279. The rationale of the doctrine of assumption of risk appears to be that "There is here no defense to tortious conduct as is true in contributory negligence because freely given consent prevents the defendant's conduct from being tortious with respect to the plaintiff, and consent by one of full capacity is always a complete bar to an action." Seavey, "Liability to One Aware of Danger," 65 Harv. L. Rev. 623, 624. See also, *Marshall* v. *Nugent*, 222 F. 2d 604 (1st Cir. 1955).

The evidence is that Cora knew her father to be an experienced

and competent driver, and there is no testimony that he had any dangerous habits, such as intoxication, or that he suffered from any physical or mental infirmities. It cannot be said that she voluntarily assumed a risk of which she was aware when she entered the car, because no risk was then perceivable. As they drove on their journey, she was where she had a right to be, as bailee of her husband's car, and the defendant had no right to imperil her by negligent action. Seavey, 65 Harv. L. Rev., *supra*. His findably wrong conduct arose only after the parties were well on their way to their destination. At that time the defendant committed a breach of duty to his two passengers, of whom Cora was one. It is thus apparent that no finding that she assumed the risk when she entered the car is possible, much less compelled as a matter of law. Seavey, 65 Harv. L. Rev., *Id.*, 624, 625.

At the time the danger arose, the plaintiff Cora was faced not with legal theories, but facts. As bailee of her husband's automobile, she had an interest in protecting it, as well as herself. To do so, she was faced with several alternatives. First, she could have attempted to have used force on her father. We shall not labor the point that all reasonable persons need not agree that she should have done so. Again it is obviously not a compelled conclusion that she should have attempted to get out of the moving car. There remains to consider whether all reasonable persons must agree that she should have made a more violent protest to her father to stop and clear the windshield or let her take over the driving and do so, and that such a protest would probably have prevented her injury. *O'Connell* v. *McKeown*, 270 Mass. 432, 435; *Laflamme* v. *Lewis*, 89 N. H. 69.

The determination of these questions requires a statement of certain findable salient facts. It appears that Cora was a woman who, although forty-five years old and married, had spent much if not most of her life with her father and was at that time living under the same roof with him. She respected both his authority and his judgment. He, on the other hand, was a strong-minded individual who, whether he should or should not have done so, considered his daughter still "a little girl," who was not to order him about, but who was to accept his decisions. While this did not, of course, relieve her from her duty to exercise ordinary care, it is a fact to be considered in judging the reasonableness of her conduct toward her father on this occasion. He did not like back-seat or front-seat driving and when, at other times, she had

spoken to him about his driving, "He got mad." Even on that day, although he had to a degree heeded her first protest to slow down, he had refused her request that he stop and clear the windshield and replied that he would do so when he reached a filling station or a garage. To her further plea that she had a scraper in the car, he responded by silence and continued on his way. It appeared to her that storm signals were out and she testified repeatedly that she believed it would have done no good to argue or plead further, because "He would still do what he wanted to." In effect, she made it clear that while she was disturbed and upset about his conduct, she did not know what to do about it and said no more "because I did not want to make it any worse." There was evidence that she spoke about cleaning the windshield "just before" they turned off route 128 onto Greenlodge Street and that the accident occurred only minutes thereafter. See *Haines* v. *Chereskie*, 301 Mass. 112, 115, 116.

The burden of proving assumption of risk was on the defendant. *Silver* v. *Cushner*, 300 Mass. 583, 586. On the evidence this issue was for the jury. *O'Connell* v. *McKeown*, 270 Mass. 432, 435.

What we have said disposes of much of the defendant's contention that both Cora and Shirley were contributorily negligent, and no claim is made that Shirley assumed the risk. She, as did Cora, entered the car unaware of any danger. Thereafter, as a comparatively young granddaughter-in-law of the defendant, she was not in a strong position to tell him what to do. She had spoken to her mother-in-law about the driving, listened to Cora's protests to Maltais, and findably formed an opinion of the ineffectiveness of such. She knew Maltais to be a competent driver and also an independent man who did not take kindly to advice. She obviously could not be held contributorily negligent as a matter of law, because she neither used force nor attempted to get out of the moving automobile. Here again the burden of proof was on the defendant, and it has been held that, with "rare exceptions," the question of contributory negligence is for the jury. *O'Connell* v. *McKeown*, 270 Mass. 432, 435. We do not believe all reasonable persons are compelled to hold that further and more vehement protests by either or both of the plaintiffs would have bent the will of this obdurate defendant to their desires, so as to have prevented harm. Indeed, the jury, sizing up Maltais and the circumstances, could have believed that prudence required silence as "a multitude of counsel" would "make the

situation worse." *Noel* v. *LaPointe,* 86 N. H. 162, 165; see also, Restatement, Torts, s. 495, *comment* f.

It follows that the issue of assumption of risk as to Cora and that of contributory negligence as to both her and Shirley, were properly submitted to the jury, and the defendant's exceptions thereto are overruled.

III. The Status of Shirley as a Gratuitous Guest or Invitee. Throughout the trial the defendant took the position that the status of the plaintiff Shirley was that of a gratuitous guest to whom he would be liable only for gross negligence (*Massaletti* v. *Fitzroy,* 228 Mass. 487); and not that of an invitee entitled to have ordinary care exercised for her safety. *Taylor* v. *Goldstein,* 329 Mass. 161; *Lyttle* v. *Monto,* 248 Mass. 340. See anno. 10 A. L. R. (2d) 1351, 1361. Under the law of Massachusetts, a passenger whose presence in the automobile is for the purpose of conferring a benefit upon the driver is entitled to have ordinary care exercised for his safety even though the object of the trip is also for the passenger's advantage. *Wolfson* v. *Fox,* (Mass.) 156 N. E. (2d) 422, 424.

There was evidence that Cora invited Shirley to accompany her upon the trip because Shirley was familiar with the route to be traveled. It also appeared that although the defendant was familiar with another route, he followed Shirley's directions as to the route which Cora wished to take, and upon which the accident occurred.

The Trial Court denied the defendant's motion for a nonsuit as to the counts of the writs brought by the plaintiffs Shirley and Gerald which alleged failure to exercise ordinary care, and submitted to the jury the issue of whether Shirley was an invitee or a gratuitous passenger.

The question of Shirley's status was properly submitted to the jury (*Lyttle* v. *Monto, supra*); but since it has already been determined that there was evidence to warrant a finding of gross negligence on the part of the defendant and such a finding is implied in the verdicts in favor of Cora and Lawrence, Shirley's status becomes immaterial. The verdicts in favor of Shirley and her husband would have been warranted had the Trial Court adopted the defendant's contention with respect to her status. Any error in permitting her to recover for ordinary negligence was rendered harmless by the finding that the defendant was grossly negligent. The exceptions to denial of the motions for nonsuit, to

set aside the verdicts, and for judgment, in the actions by Shirley and Gerald are overruled.

The defendant's exceptions are overruled and the order is

*Judgments on the verdicts.*

All concurred.