No. 2946        Northern        Middlesex, ss.

O'DEA        (Paul T. Smith)
v. COLETTI        (R. J. Dunn)

From the District Court of Newton—Weston, J.

Argued June 9, 1941—Opinion Filed July 11, 1941

HENCHEY, J. (Jones, P.J., & Pettingell, J.)—In this action of tort the plaintiff seeks to recover damages for personal injuries suffered while a passenger in the defendant's automobile and caused by the alleged gross negligence of the defendant. On the defendant's behalf there was a general denial and a plea of contributory negligence. No serious question has been raised as to the plaintiff's due care. The trial judge found that the defendant was negligent in the operation of his automobile, but was not guilty of gross negligence and accordingly found for the defendant. The case comes before us on the plaintiff's objection to the trial judge's refusal to grant certain requests for rulings.

As has often been said, gross negligence is substantially and appreciably higher in magnitude than ordinary negligence; it amounts to indifference to a present legal duty. *Altman* v. *Aronson,* 231 Mass. 588; *Bruno* v. *Donahue,* Mass. Adv. Sh. (1940) 37 (24 BTL 33). Thus it becomes important to carefully examine the evidence offered in the instant case.

The plaintiff, a sister of the defendant, testified that the defendant invited her and her husband to go with him to the movies and they did so. It was dark and the defendant was

riding with his headlights on. The plaintiff and her husband were seated in the back seat. The defendant was driving along about 30 to 35 miles per hour when the plaintiff complained of the speed. The defendant said, "You'll be late for the movies." The plaintiff replied, "We have plenty of time. I'm in no rush." Thereupon the defendant said, "I'll see," and leaned over towards the dash board and bent his head. His eyes were off the road for about 2 to 4 seconds. The plaintiff shouted and the defendant looked up. The defendant collided with an automobile which was stopped, and then his automobile veered to the right, struck a stop sign, and came to rest at a fence on the inside of a sidewalk. As a result of the accident the plaintiff was injured.

The plaintiff's husband testified that the defendant was driving at the rate of 35 to 40 miles per hour and following another automobile when the plaintiff spoke to the defendant; that when the defendant bent over towards the dash board, he took his left hand off the wheel of the automobile and brought it over to the dash board "to see what time it was"; that the car then seemed to leap forward and increase its speed; that the automobile which the defendant had been following now had stopped and was about 16 feet away when the defendant looked up.

The defendant testified that he bought the automobile on the day of the accident, that the brakes were not working properly; that he had had them adjusted, and they were better but still not to his liking. He says that he was driving along about 25 to 30 miles per hour; that his eyes were off the road for about 4 seconds; that when he looked up he saw that the automobile in front of him was stopped about 20 feet away, so he swung to the right, applied his brakes, but his foot slipped and struck the accelerator, causing the car to go faster.

At the appropriate time the plaintiff filed certain requests for rulings, some of which were granted and others denied.

We need not review the refusal to grant the request for a finding for the plaintiff "upon all the evidence," for such request was not accompanied by any specifications. Rule 27 of the Rules of the District Court (1940).

The remaining requests (but one with which we shall deal presently) seek to have the court rule as matter of law that the defendant was guilty of gross negligence either because he took his eyes off the road or because he was speeding or because of both. However, we find no error in the refusal of these requests.

Each case involving a question of gross negligence must be decided upon its own peculiar facts, and the defendant's conduct must be viewed in its entirety. *Meeney* v. *Doyle*, 276 Mass. 218; *Smith* v. *Axtman*, 396 Mass. 512; *Peace* v. *Gabourel*, 302 Mass. 313. The burden of proving the defendant's gross negligence is upon the plaintiff. *Holton* v. *Shepard*, 291 Mass. 513.

We cannot say that the trial judge was in error in refusing to grant the requests, which in effect call for rulings that, as matter of law, the defendant was guilty of gross negligence. It would be only in an unusual case that the court could so rule. It is to be noted that most of the cases cited by the plaintiff with reference to the questions of gross negligence go no further than to say either that the evidence was such as would or did warrant a finding of gross negligence by the jury. This again indicates that it is a question of fact.

There is one remaining request with which we must deal. It is as follows: "Careful conduct after an emergency arises does not relieve the defendant from liability for negligence which created the emergency." This request was denied. Let us assume for the moment that it was a correct statement of the law. No harm has been done to the plaintiff by its denial. The trial judge has found that although the defendant was negligent, he was not guilty of gross negligence. If no liability attaches to the defendant's conduct because the plaintiff was a guest, then the request seeks a ruling on matters now unimportant.

We find no error and accordingly the report is to be dismissed.